**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

| | |
|---|---|
| Patrick Boles, | ) |
| | ) |
| Petitioner, | ) Case No. 1:14-CV-903 |
| | ) |
| vs. | ) |
| | ) |
| Warden, Chillicothe | ) |
| Correctional Institution, | ) |
| | ) |
| Respondent. | ) |

O R D E R

Petitioner Patrick Boles, represented by counsel, filed a motion for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 asserting eleven grounds for relief. On December 7, 2015, Magistrate Judge Litkovitz filed a report and recommendation (Doc. No. 16) finding that Petitioner is still in the process of exhausting his state remedies as to the ineffective assistance of trial counsel claim alleged in Ground Three of his petition. Judge Litkovitz recommended denying Respondent's motion to dismiss (Doc. No. 8), but concluded that the entire case should be stayed while Petitioner exhausts that claim. Judge Litkovitz further recommended administratively closing the case on the Court's active docket with the provision that Petitioner can reopen the case by filing a motion to reinstate within 30 days of fully exhausting his currently unexhausted claim. The Report and Recommendation advised both parties that objections must be filed within 14 days of being served with a copy of the report.

Neither party filed objections to the Report and Recommendation within the time allowed. Petitioner did file pro se two sets of affidavits after the Report was docketed. His

1

own affidavit (Doc. No. 17) is largely incomprehensible. The second set of affidavits (Doc. No. 18) purport to support Petitioner's version of the facts underlying his convictions. Neither document, however, is responsive to the Report and Recommendation.

Petitioner is not entitled to hybrid representation. Keenan v. Bagley, No. 1:01-CV-2139, 2010 WL 1133238, at *1-*2 (N.D. Ohio Mar. 2010); 28 U.S.C. § 1654 ("In all courts of the United States the parties may plead and conduct their own cases personally or by counsel as, by the rules of such courts, respectively, are permitted to manage and conduct causes therein."). Therefore, his two affidavits will not be considered by the Court. In any event, neither constitutes a proper objection to the Report and Recommendation. Accordingly, the Court concludes that there are no objections to Judge Litkovitz's Report and Recommendation. See Fed. R. Civ. P. 72(b)(3) ("The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to.").

Conclusion

1. The Court **ADOPTS** the Report and Recommendation.

2. Respondent's motion to dismiss (Doc. No. 8) is not well-taken and is **DENIED.**

3. Petitioner's motion to stay (Doc. No. 9) is well-taken and is **GRANTED.**

4. This case is **STAYED** pending Petitioner's exhaustion of his state court remedies. This case shall be administratively closed on the Court's active docket. Petitioner may reopen the case by filing a motion to reinstate within thirty (30) days after fully exhausting his state court remedies through the requisite levels of appellate review. The case will be reopened upon Petitioner's showing of compliance with all the conditions of the stay.

5. A certificate of appealability shall not issue on the matters raised herein. See 28 U.S.C.A. § 2253(c); Fed. R. App. P.22(b). Petitioner remains free to request issuance of a certificate of appealability from the Court of Appeals. Id.

6. The Court certifies pursuant to 28 U.S.C.A. § 1915(a)(3) that an appeal of this order would not be taken in good faith, and therefore **DENIES** Petitioner leave to appeal this order in forma pauperis. See Fed. R. App. P. 24(a); Kincade v. Sparkman, 117 F.3d 949, 952 (6th Cir. 1997).

    **IT IS SO ORDERED**

Date January 12, 2016                    s/Sandra S. Beckwith
                                                     Sandra S. Beckwith
                                     Senior United States District Judge