# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT CINCINNATI

PATRICK BOLES,

              Petitioner,     :     Case No. 1:14-cv-903

  - vs -                                District Judge Michael R. Barrett
                                        Magistrate Judge Michael R. Merz

CHARLOTTE JENKINS, Warden,
  Chillicothe Correctional Institution,

                                  :

              Respondent.

## DECISION AND ORDER ON PETITIONER'S MOTION FOR DISCOVERY AND AN EVIDENTIARY HEARING

This habeas corpus case is before the Court on Petitioner's Motion for Discovery and an Evidentiary Hearing (ECF No. 39) which Respondent opposes (ECF No. 41). Petitioner has filed a Reply in Support (ECF No. 44). Motions for discovery or an evidentiary hearing in a habeas corpus case are a non-dispositive pretrial matters which a Magistrate Judge to whom the case is referred may decide in the first instance. 28 U.S.C. § 636(b)(1)(A).

**Procedural History**

Boles was indicted by the Brown County, Ohio, grand jury in 2011 and charged with eight counts of sexual conduct with his niece, D.L., four occurring in 1991 and four in 1992. At jury trial in May 2012, Boles was convicted on the four 1991 counts and acquitted on the four 1992 counts. He was then sentenced to an aggregate prison term of fifteen to seventy-five years and

1

designated as a sex offender. Boles appealed to the Twelfth District Court of Appeals which affirmed the conviction. *State v. Boles ("Boles I")*, 12th Dist. Brown No. CA2012-06-012, 2013-Ohio-5202 (Nov. 25, 2013); appellate jurisdiction declined, 138 Ohio St. 3d 1468 (2014).

On December 18, 2014, Boles filed an application for reopening his direct appeal under Ohio R. App. P. 26(B), pleading five omitted assignments of error, all claiming ineffective assistance of appellate counsel for failure to raise claims of ineffective assistance of trial counsel. The Twelfth District denied the application as untimely. *State v. Boles ("Boles II")*, Case No. CA2012-06-012 (12th Dist. Brown Mar. 11, 2015) (unreported; copy at State Court Record ECF No. 7, PageID 341-43), appellate jurisdiction declined, 143 Ohio St. 3d 140 (2015).

On May 26, 2015, Boles, represented by present counsel, filed a petition for post-conviction relief under Ohio Revised Code § 2953.21 (State Court Record, ECF No. 28, PageID 1615, et seq.). The trial court dismissed the petition as untimely (State Court Record, ECF No. 28, PageID 1639-41) and Boles did not appeal. On May 5, 2016, Boles filed a motion for reconsideration of the dismissal, which he alternatively characterized as a successive petition for post-conviction relief under Ohio Revised Code § 2953.23 (State Court Record, ECF No. 28, PageID 1642-60). The trial court denied relief, Boles appealed, and the Twelfth District dismissed. *State v. Boles ("Boles III")*, 12th Dist. Brown No. CA2016-07-014, 2017-Ohio-786, 2017 (12th Dist. Mar. 6, 2017), appellate jurisdiction declined, 151 Ohio St. 3d 1453 (Dec. 6, 2017).

Boles initially filed this case November 25, 2014 (ECF No. 1). On Magistrate Judge Litkovitz's Report to which neither party objected, District Judge Beckwith, to whom the case was then assigned[1], stayed the case on January 12, 2016, pending exhaustion of state court remedies (ECF No. 19). After the state process was complete, Judge Barrett vacated the stay and allowed

---

[1] While the case was stayed, Judge Beckwith retired from service; the case was reassigned to Judge Barret upon reopening (ECF No. 22).

Petitioner to file his First Amended Petition (ECF No. 24). Pursuant to the same Order, Respondent filed a Return of Writ (ECF No. 29). The Magistrate Judge reference in the case was next transferred to the undersigned (ECF No. 32). Petitioner then filed his Reply and the contemporaneous instant Motion.

The Amended Petition pleads the following Grounds for Relief:

> **Ground 1:** Petitioner's rights guaranteed by the Sixth and Fourteenth Amendments to the United States Constitution were violated because petitioner received the ineffective assistance of counsel at trial.
>
> **Supporting Facts:** Defense counsel knew or should have known that the law that was in effect in 1991 would be the law that controlled the sentencing (indefinite sentencing was in effect in 1991); the sexual registration requirement (because it was more favorable to the petitioner) and the statute of limitations for the timely initiation of the underlying criminal case.
>
> Defense counsel was ineffective in failing to object to the State eliciting from its lead investigator that the statute of limitations for the crimes with which he was charged was twenty years, as that issue is a legal question for the court. (TR 623-624).
>
> Defense counsel was ineffective in failing to object when the State elicited from its lead investigator that the statute of limitations on rape is twenty years (TR. 624).
>
> Although the State alleged and the Brown County Grand Jury found, that the relevant dates for the counts of conviction were April 1, 1991 to December 31, 1991, the State constructively amended the indictment by restricting the events to "April of '91 to the sidewalk project in the summer of '91" (TR. 214-216)
>
> **Ground 2:** Petitioner's rights guaranteed by the Sixth and Fourteenth Amendments to the United States Constitution were violated because petitioner received the ineffective assistance of counsel at trial.
>
> **Supporting Facts:** Petitioner's counsel failed to raise the ex post facto violation by the State of Ohio in amending R.C. 2901.13, when he failed to challenge the change in the statute of limitations and its erroneous and unconstitutional application to petitioner's case.

**Ground 3:** Petitioner's rights guaranteed by the Sixth and Fourteenth Amendments to the United States Constitution were violated because petitioner received the ineffective assistance of counsel at trial by failing to conduct a reasonable investigation and to prepare a crucial witness for trial.

**Ground 4:** Petitioner's rights guaranteed by the Sixth and Fourteenth Amendments to the United States Constitution were violated because petitioner received the ineffective assistance of counsel on direct appeal.

**Supporting Facts**: Petitioner was represented by Shawn Hooks on direct appeal. Likewise, Attorney Hooks promised petitioner that he would pursue post-conviction relief, where petitioner's complaints about the ineffective assistance of his trial counsel that was based on evidence that de hors (which Petitioner expressed in writing to the trial court and orally at sentencing: See e.g. Docket 5/9/2011 "Letter from Defendant to Judge Gusweiler in Regards to his Attorney, Nick Ring"; Sentencing Transcript at p. 13; 16) could be redressed. Attorney Hooks' assurances turned out to be lies. Post-conviction was never pursued; Attorney Hooks was unjustly enriched by accepting payment for a remedy he never pursued.

**Ground 5**: Petitioner's rights guaranteed by the Sixth and Fourteenth Amendments to the United States Constitution were violated because petitioner received the ineffective assistance of counsel in direct appeal by the failure of appellate counsel to raise and argue trial counsel's failure to challenge the statute of limitation applicable to the counts of conviction.

**Ground 6:** Petitioner's rights guaranteed by the Sixth and Fourteenth Amendments to the United States Constitution were violated because petitioner received the ineffective assistance of counsel in direct appeal by the failure of appellate counsel to raise and argue trial counsel's failure to challenge the ex post facto effect of the change in the statute of limitations.

**Ground 7**: Petitioner's rights guaranteed by the Sixth and Fourteenth Amendments to the United States Constitution were violated because petitioner received the ineffective assistance of counsel in direct appeal by the failure of appellate counsel to raise and argue trial counsel's failure to conduct a reasonable investigation and to prepare a crucial witness for trial.

**Ground 8**: Petitioner's rights guaranteed by the Sixth and Fourteenth Amendments to the United States Constitution were violated because petitioner received the ineffective assistance of counsel in direct appeal by the failure of appellate counsel to raise and argue trial counsel's failure to object to the use of Dr. Stuart Bassman as an expert witness by the State of Ohio.

**Ground 9**: Petitioner's rights guaranteed by the Sixth and Fourteenth Amendments to the United States Constitution were violated because petitioner received the ineffective assistance of trial counsel's failure to object to the instruction from the court that the jury had to accept Dr. Bassman's testimony thereby denying him a fair trial in violation of Sixth and Fourteenth Amendments rights.

**Ground 10:** The trial court abused its discretion and violated petitioner's Sixth Amendment right to a fair trial when it allowed Cynthia Hackworth-Rogers to testify about an incident that took place years before the relevant time period which was not objected to by trial counsel, thereby rendering ineffective assistance of counsel in violation of petitioner's Sixth and Fourteenth Amendments rights guaranteed by the United States Constitution and with the admission of the evidence a violation of petitioner's Sixth Amendment right to a fair trial.

**Ground 11:** The trial court abused its discretion and violated petitioner's Sixth Amendment right to a fair trial when it allowed David Landen Lovejoy to testify about an incident where D. L. showed him pornography that she found in petitioner's automobile thereby depriving petitioner of a fair trial in violation of the Sixth and Fourteenth Amendments.

**Ground 12:** The trial court abused its discretion and violated petitioner's Sixth Amendment right to a fair trial when it permitted Dr. Bassman to testify that children who have been "groomed" may delay reporting sexual abuse thereby depriving petitioner of a fair trial in violation of the Sixth and Fourteenth Amendments.

**Ground 13**: The verdict was against the manifest weight of the evidence and there was insufficient evidence to sustain a conviction thereby violating the petitioner's due process rights protected by the Fourteenth Amendment to the United States Constitution.

**Ground 14:** *Martinez/Trevino* provides cause to excuse procedural default and this court is not precluded from hearing and deciding petitioner's claim in post-conviction by applying *Martinez/Trevino* in this habeas corpus action to determine that petitioner's rights

> guaranteed by the Sixth and Fourteenth Amendments to the United State Constitution were violated because petitioner received the ineffective assistance of counsel at trial by failing to conduct a reasonable investigation and to prepare a crucial witness for trial.

(Amended Petition, ECF No. 24, PageID 1515-1547).

**Standard for Discovery in Habeas Corpus**

A habeas petitioner is not entitled to discovery as a matter of course, but only upon a fact-specific showing of good cause and in the Court's exercise of discretion. Rule 6(a), Rules Governing § 2254 Cases; *Bracy v. Gramley*, 520 U.S. 899 (1997); *Harris v. Nelson*, 394 U.S. 286 (1969); *Byrd v. Collins*, 209 F.3d 486, 515-16 (6th Cir. 2000). Before determining whether discovery is warranted, the Court must first identify the essential elements of the claim on which discovery is sought. *Bracy*, 520 U.S. at 904, *citing U. S. v. Armstrong*, 517 U.S. 456, 468 (1996). The burden of demonstrating the materiality of the information requested is on the moving party. *Stanford v. Parker*, 266 F.3d 442, 460 (6th Cir. 2001), , *citing Murphy v. Johnson,* 205 F.3d 809, 813-15 (5th Cir. 2000). "Even in a death penalty case, 'bald assertions and conclusory allegations do not provide sufficient ground to warrant requiring the state to respond to discovery or require an evidentiary hearing.'" *Bowling v. Parker*, 344 F.3d 487, 512 (6th Cir. 2003), *quoting Stanford*, 266 F.3d at 460.

Rule 6 does not "sanction fishing expeditions based on a petitioner's conclusory allegations." *Williams v. Bagley,* 380 F.3d 932, 974 (6th Cir. 2004), *citing Rector v. Johnson*, 120 F.3d 551, 562 (5th Cir. 1997); *see also Stanford*, 266 F.3d at 460. "Conclusory allegations are not enough to warrant discovery under [Rule 6]; the petitioner must set forth specific allegations of fact." *Williams,* 380 F.3d at 974*, citing Ward v. Whitley*, 21 F.3d 1355, 1367 (5th Cir. 1994).

6

In conducting the analysis that led to granting discovery in *Bracy*, *supra*, the Supreme Court provided at least part of the template which lower courts should follow in deciding discovery motions in habeas corpus cases.

First of all, it identified the claims to which the sought discovery in that case related and specifically determined whether they were claims upon which habeas corpus relief could be granted at all. Federal habeas corpus is, of course, available only to correct wrongs of constitutional dimension. 28 U.S.C. § 2254(a); *Smith v. Phillips*, 455 U.S. 209 (1982), *Barclay v. Florida,* 463 U.S. 939 (1983). In *Bracy*, the claim was that the trial judge was biased in favor of other defendants who had bribed him and therefore had a motive to be harsh with those, like the petitioner, who had not. The Supreme Court distinguished this kind of claim of judicial disqualification from other non-constitutional claims, which would not be cognizable in habeas corpus. This part of the *Bracy* analysis makes it clear that discovery should not be authorized on allegations in a habeas corpus petition, which do not state a claim upon which habeas corpus relief can be granted.

Second, the Supreme Court identified circumstances which corroborated Bracy's theory of relief and request for discovery:

> As just noted above, petitioner's attorney at trial was a former associate of Maloney's, App. 51, and Maloney [the corrupt trial judge] appointed him to defend this case in June 1981. The lawyer announced that he was ready for trial just a few weeks later. He did not request additional time to prepare penalty-phase evidence in this death penalty case even when the State announced at the outset that, if petitioner were convicted, it would introduce petitioner's then-pending Arizona murder charges as evidence in aggravation. Tr. of Oral Arg. 43. At oral argument before this Court, counsel for petitioner suggested, given that at least one of Maloney's former law associates--Robert McGee--was corrupt and involved in bribery, see supra, at 8, that petitioner's trial lawyer might have been appointed with the understanding that he would not object to, or interfere with, a prompt trial, so that petitioner's case could be tried before, and

7

> camouflage the bribe negotiations in, the Chow murder case. Tr. of Oral Arg. 17-18, 43-44. This is, of course, only a theory at this point; it is not supported by any solid evidence of petitioner's trial lawyer's participation in any such plan. It is true, however, that McGee was corrupt and that petitioner's trial coincided with bribe negotiations in the Chow case and closely followed the Rosario murder case, which was also fixed.

*Bracy*, 520 U.S. at 907-908.

> We emphasize, though, that petitioner supports his discovery request by pointing not only to Maloney's conviction for bribe taking in other cases, but also to additional evidence, discussed above, that lends support to his claim that Maloney was actually biased in petitioner's own case. That is, he presents "specific allegations" that his trial attorney, a former associate of Maloney's in a law practice that was familiar and comfortable with corruption, may have agreed to take this capital case to trial quickly so that petitioner's conviction would deflect any suspicion the rigged Rosario and Chow cases might attract.

*Id*. at 909. The quoted "specific allegations" language is from *Harris, supra,* and demonstrates that the Supreme Court in both cases was adverting not to the **claim** language in the habeas petition, but to specific **evidence** obtained outside the discovery process and presented in support of a motion for discovery, which corroborates the claimed constitutional violation.

Other parts of habeas corpus procedural jurisprudence, although not relevant to the particular decisions in *Harris* and *Bracy*, also should inform a District Court's exercise of its discretion in granting discovery under Habeas Rule 6.

> The purpose of discovery in any case is ultimately to gather evidence which will be put before the court in deciding the case on the merits. In order to obtain an evidentiary hearing in federal court on a claim on which he has not fully developed the factual basis in state court, a habeas corpus petitioner must show cause and prejudice under *Wainwright v. Sykes*, 433 U.S. 72 (1977). *Keeney v. Tamayo-Reyes*, 504 U.S. 1 (1992) [*superseded by statute on other grounds as noted in Henry v. Warden*, 750 F.3d 1226, 1231 (11th Cir. 2014).. Logically, there is no good reason to gather evidence which one will not be permitted to present because one cannot satisfy the *Keeney*

8

> standard. Therefore, if there are items of evidence sought in discovery which could have been obtained and presented during the state court process but were not, a petitioner should make the required *Keeney* showing before being authorized to conduct discovery to obtain the evidence.

*Turner v. Hudson*, Case No. 2:07-cv-595 (Decision and Order Granting in Part and Denying in Part Petitioner's Motion for Discovery, July 21, 2008) (Merz, Mag. J.).

Development and presentation of evidence in habeas corpus was severely restricted after Turner in *Cullen v. Pinholster*, 563 U.S. 170 (2011). In *Johnson v. Bobby*, 2018 U.S. Dist. LEXIS 44709 (S.D. Ohio Mar. 19, 2018). Chief Judge Sargus applied this same reasoning to deny discovery where the results could not have been presented in federal court because of *Pinholster*.

# Analysis

Boles's Motion agrees with the foregoing standard for discovery (Motion, ECF No. 39, PageID 1947-49). He seeks to depose his trial attorney, Nicholas Ring; Connie Lovejoy, the victim's mother; D.L., the victim; and his appellate attorney, Shawn Hooks. He asserts that this discovery is in support of Grounds for Relief One through Ten and Fourteen (Motion, ECF No. 39, PageID 1946, n.1).

The Motion recites the elements of a claim of ineffective assistance of trial counsel as laid down by the Supreme Court in *Strickland v. Washington,* 466 U.S. 668 (1984), essentially deficient performance and resulting prejudice (ECF No. 39, PageID 1950). The *Strickland* test applies as well to appellate counsel. *Smith v. Robbins*, 528 U.S. 259, 285 (2000); *Burger v. Kemp,* 483 U.S. 776 (1987).

Petitioner asserts that he has not procedurally defaulted any of the claims on which he seeks discovery, but if the Court preliminarily decides there has been a procedural default, then he is entitled to discovery and an evidentiary hearing to show cause and prejudice to overcome the default (Motion, ECF No. 39, PageID 1950).

**Proposed Deposition of Trial Attorney Nicholas Ring**

In attempting to comply with the *Bracy* standard, Petitioner identifies issues he wants to explore with trial counsel Nicholas Ring relating to expiration of the statute of limitations and the application of ex post facto considerations (Reply, ECF No. 44, PageID 2058-59, presumably relating to Grounds One and Two, although Petitioner does not say so). Petitioner also wishes to explore lack of preparation of a "crucial witness for trial," Cheryl Thorne. *Id.* at PageID 2060 (presumably relating to Ground Three, although Petitioner again does not say so).

The Court agrees that the proposed examination of attorney Ring could produce relevant evidence on Grounds One, Two, and Three. Moreover, Petitioner has supported his desire to inquire on these topics with some known facts that raise these claims above the level of speculation, as the Supreme Court noted had been done in *Bracy*. Petitioner has not, however, suggested any facts that could be obtained in a deposition of Mr. Ring that would excuse a procedural default in presenting Grounds One, Two, and Three in a petition for post-conviction relief under Ohio Revised Code § 2953.21.

In discussing the proposed deposition of appellate attorney Shawn Hooks, however, Petitioner claims

> 6) Likewise Attorney Hooks promised Petitioner that he would
> pursue post-conviction relief in tandem with the direct appeal, was

> paid to pursue post conviction relief, where Petitioner's complaints about the ineffective assistance of his trial counsel that was based on evidence that de *hors* the record (which Petitioner expressed in writing to the trial court and orally at sentencing: See e.g. Docket at 5/9/2011 "Letter from Defendant to Judge Gusweiler in Regards to his Attorney, Nick Ring"; Sentencing Transcript at p. 13; 16), could be redressed. Attorney Hooks' assurances turned out to be lies. Post conviction was never pursued; Attorney Hooks was unjustly enriched by accepting payment for a remedy he never pursued;
>
> 7) None of Petitioner's ineffective assistance of counsel grounds were raised on direct appeal or in any collateral proceeding (i.e. post-conviction pursuant to R.C. 2953.21). In fact[,] Shawn Hooks abandoned his client;

(Reply, ECF No. 44, PageID 2068).

Although a criminal defendant is not constitutionally entitled to the effective assistance of counsel in post-conviction proceedings, the Supreme Court has held that deficient performance by an attorney in those proceedings can excuse procedural default of a substantial claim of ineffective assistance of trial counsel. *Trevino v. Thaler*, 569 U.S. 413 (2013); *Martinez v. Ryan*, 566 U.S. 1 (2012). The Sixth Circuit has not yet determined whether *Martinez* and *Trevino* apply in Ohio, but if they do, a complete abandonment of a client, such as is alleged here, would constitute ineffective assistance.

Petitioner will be allowed to depose Shawn Hooks on the allegations quoted above about his failure to file a timely petition for post-conviction relief. Petitioner will also be allowed to depose attorney Nicholas Ring on the topics set forth above regarding Grounds One, Two, and Three. If the Court should determine after considering whatever evidence is garnered on these three Grounds from Mr. Hooks that Boles's failure to present these claims in post-conviction is excusable, then Ring's testimony should be preserved.

**Proposed Deposition of Connie Lovejoy**

Petitioner desires to depose Connie Lovejoy, the victim's mother, about her knowledge of her daughter's claims of abuse at or near the time the abuse happened, and the extent of disclosure of these facts to Mr. Ring. These facts are or may be relevant to the statute of limitations claim in Ground One and may be inquired into in a deposition of Connie Lovejoy.

**Proposed Deposition of D. L.**

Petitioner may depose D.L. only on the following topics:

> Who was the guidance counselor to whom she reported? When was the guidance counselor interaction/report made? What was done with the information that D.L. reported to the guidance counselor? Was D.L. ever present when her mother and the guidance counselor discussed the alleged abuse? Was there any discussion between the teacher who referred D.L. to the guidance counselor and D.L.'s mother in D.L.'s presence, and if so when and where did those discussions occur?

(Reply, ECF No. 44, PageID 2066.)

**Proposed Deposition of Shawn Hooks**

Grounds Four, Five, Six, Seven, and Eight raise claims of ineffective assistance of appellate counsel. To show already known facts that support those claims, Petitioner recites some deficiencies in the appellate brief, the obvious omission of claims of ineffective assistance of trial counsel which Petitioner says are evident on the fact of the trial record, and Mr. Hooks's bar discipline history from the same period.

Respondent opposes a deposition of Shawn Hooks on grounds of procedural default, to wit, the fact that Boles's Rule 26(B) Application was untimely filed. In his Reply, Petitioner largely repeats the assertions made in the Motion and then recites topics that would be inquired into in a Hooks' deposition (ECF No. 44, PageID 2069-70). Nothing is said there about how Petitioner proposes to overcome his procedural default in filing his 26(B) Application.

When he filed the 26(B) Application, Boles asserted as cause for the untimely filing

> Appellant's counsel on direct appeal has failed to return phone calls, is currently under suspension by the Supreme Court of Ohio [footnote omitted], was under investigation by the Dayton Bar Association throughout the period he represented Appellant on direct appeal, has closed his private practice and is believed to be currently working for a corporation and has abandoned at least one other client, to wit Mark. E. Welker. currently pending sentencing in the United States District Court for the Southern District of Ohio in *United States v. Walker,* 3:14-CR-135.

(State Court Record, ECF No. 7, PageID 315-16). The Twelfth District rejected this excuse, relying on precedent that lack of communication with appellate counsel is not good grounds for untimely accusing that counsel of ineffective assistance. *Boles II* at PageID 342-43, citing *State v. Jerrells*, 8th Dist. Cuyahoga No. 99329, 2014-Ohio-4564, ¶ 7 (Oct. 14, 2014); *State v. Alexander*, 8th Dist. Cuyahoga No. 81529, 2004-Ohio-3861, ¶ 3 (Jul. 21, 2004).

In noncapital cases, the timeliness rule for filing a 26(B) application is an adequate and independent state ground of decision. *Parker v. Bagley,* 543 F.3d 859 (6th Cir. 2008) (noting that *Franklin* was a capital case); *Scuba v Brigano*, 527 F.3d 479, 488 (6th Cir. 2007) (distinguishing holding in capital cases); *Monzo v. Edwards* 281 F.3d 568 (6th Cir. 2002); *Tolliver v. Sheets*, 594 F.3d 900 (6th Cir. 2010), *citing Rideau v. Russell*, 2009 WL 2586439 (6th Cir. 2009).

Since 1996, "Ohio law has provided sufficient guidance on what constitutes a 'good cause' for a late filing under Rule 26(B)," and "'the time constraints of Rule 26(B) [have been] firmly

13

established and regularly followed.'" *Wogenstahl v. Mitchell*, 668 F.3d 307, 322 (6th Cir. 2012), *quoting Hoffner v. Bradshaw*, 622 F.3d 487, 504-05 (6th Cir. 2010); *quoting Parker v.* 543 F.3d at 861). Thus, Rule 26(B) is an adequate and independent ground on which to find procedural default. *Id.*

Boles has not shown cause and prejudice to excuse his failure to timely file his Rule 26(B) application. His claims of ineffective assistance of appellate counsel are therefore procedurally defaulted and he may not depose Shawn Hooks as to those grounds. He may, however, depose Hook as to his claim that he retained Hooks to file his petition for post conviction relief.

The discovery authorized by this Decision shall be completed by November 1, 2018.

**Evidentiary Hearing**

Petitioner's application for an evidentiary hearing is premature because neither he nor the Court knows what discovery will disclose. Furthermore, in considering motion for evidentiary hearing in habeas, the Court will need to consider what witnesses will be presented, what they will be expected to testify to and why their testimony is justified under 28 U.S.C. § 2254(e)(2) and *Cullen v. Pinholster*, 563 U.S. 170 (2011). The motion for evidentiary hearing is denied without prejudice to its renewal not later than thirty days after completion of discovery.

July 16, 2018.

s/ *Michael R. Merz*
United States Magistrate Judge
