# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT CINCINNATI

PATRICK BOLES,

                Petitioner,     :     Case No. 1:14-cv-903

    - vs -                                District Judge Michael R. Barrett
                                                Magistrate Judge Michael R. Merz

CHARLOTTE JENKINS, Warden,
  Chillicothe Correctional Institution

                                         :
                Respondent.

# DECISION AND ORDER ON PETITIONER'S SECOND MOTION TO EXPAND THE RECORD

This habeas corpus case is before the Court on Petitioner's Motion to Expand the Record (ECF No. 42) which Respondent opposes in part (ECF No. 46).

Petitioner's counsel believe is that both Rule 5 of the Rules Governing § 2254 Cases ("Habeas Rules") and Judge Litkovitz's Order for Answer (ECF No. 3) require that Respondent file

> the entire state court record (those docket entries, orders, motions, etc.) that comprise the docket of a given court for appellate purposes, needs to be completely furnished, and those matters that have been transcribed need to be included, as well as the additional materials (appellate briefs and decisions) mandated by the 2004 Amendments to the Rule.

(ECF No. 42, PageID 2049). Respondent's counsel disagrees and believes the Court expects here to exercise her judgment as to what should be submitted." (ECF No. 46).

Habeas Rule 5 speaks to the answer as a pleading and requires that it respond to the allegations in the petition and raise affirmative defenses such as procedural default or the bar of

1

the statute of limitations. It also requires that the Respondent attach parts of the "transcript that the respondent considers relevant" as well any appellate briefing and decisions.

Habeas Rule 4 requires a preliminary screening of habeas petitions by the Court and Habeas Rule 5(a) excuses a respondent from answering unless ordered to do so. The Magistrate Judges of the Western Division employ a standard form of order for answer which has been adjusted over time to produce a state court record that is efficient to use for all parties to the litigation. Magistrate Judge Litkovitz followed that form in the Order for Answer in this case. Having made the Rule 4 determination, she ordered an answer which was expressly required to include the matters mentioned in Habeas Rule 5(b)(Order, ECF No. 3, PageID 47).

As to the State Court Record, the Order requires the Respondent to file "those portions of the state court record needed to adjudicate this case. . ." *Id.* at PageID 47-48. By inference, that language leaves the content of the state court record as filed to the sound judgment of Respondent's counsel in the first instance.

The Magistrate Judge believes this is a sound reading of Habeas Rule 5. Petitioner's reading would impose on the Respondent's counsel the duty to file materials which will almost never be needed to adjudicate the case, e.g., the bindover order from municipal court or the order to the sheriff to transport. Respondents in habeas cases are always represented by the Attorney General's Office, which does not have custody of the state court record and must obtain it from a local court to file it in the first instance.

Because the Court has used electronic filing for over fifteen years and has the capacity to accept state court records electronically, the form order for answer requires that the Respondent provide an index which is done by "bookmarking" pages electronically in the format in which they

are filed. All parties are then required to reference the record by citing the specific PageID, a practice which facilitates consideration of the record.

When the answer and state court record are filed, Fed. R. Civ. P. 5 requires that a copy be served on the Petitioner. A reminder of this obligation is included in the form order. This gives the Petitioner, who is most often proceeding *pro se*, the tools he or she needs to comply with the Court's record reference requirement.

Respondent's counsel's judgment on what to include in the record is not conclusive on the Court which can order the record expanded under Habeas Rule 7. However, a relatively small cadre of experienced assistant attorneys general represent Respondents in these cases and have come to know what the Court will usually need.

Turning from the general to the particular, the Court finds that Respondent's counsel's initial determination of what to include in the State Court Record was sound. Petitioner has not demonstrated a need to add the entire file from the dismissed case to the record in this case. The particular items listed at PageID 2049-50 appear to be relevant to the claims on which the Court has granted discovery. The Respondent will therefore supplement the record by adding those items not later than August 1, 2018.

Habeas Rule 7 speaks of expanding the record to include items that would not be in the state court records for a case. However, Rule 7 must be read in the context of *Cullen v. Pinholster*, 563 U.S. 170 (2011), which severely limits the materials a habeas court may consider in making a determination under 28 U.S.C. § 2254(d). The fact that a court has allowed the record to be expanded under Rule 7 does not amount to a ruling that anything added to the record by motion can be considered on the merits.

**IT IS SO ORDERED.**

**July 18, 2018.**

s/ *Michael R. Merz*<br>United States Magistrate Judge