# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT CINCINNATI

PATRICK BOLES,

        Petitioner,    :    Case No. 1:14-cv-903

  - vs -                         District Judge Michael R. Barrett
                                    Magistrate Judge Michael R. Merz

CHARLOTTE JENKINS, Warden,
  Chillicothe Correctional Institution,

                                    :

        Respondent.

# REPORT AND RECOMMENDATIONS

This habeas corpus case is before the Court on Petitioner's Objections (ECF No. 52) to the Magistrate Judge's Decision and Order ("Discovery Order," ECF No. 45) on Petitioner's Motion for Discovery and an Evidentiary Hearing (ECF No. 39). District Judge Barrett has recommitted the matter to the Magistrate Judge for further analysis (ECF No. 54). The Warden's time to respond to the Objections has expired, but no response has been filed.

Petitioner Boles was convicted and imprisoned on four counts of sexual conduct with his niece, D.L., in 1991. In connection with his Amended Petition, he sought to depose his trial attorney, the victim, the victim's mother, and his appellate attorney. The Magistrate Judge allowed the deposition of appellate counsel on the allegations made that he promised to file a post-conviction petition for Boles (Decision and Order, ECF No. 45, PageID 2082). He allowed the deposition of trial counsel on the topics set forth in the Order. *Id.* The depositions of the victim and her mother on designated topics was authorized. However, the Magistrate Judge refused to

1

authorize the deposition of appellate counsel Shawn Hooks regarding Grounds for Relief Four, Five, Six, Seven, and Eight (ineffective assistance of appellate counsel claims) because Respondent had shown prima facie that those grounds were procedurally defaulted by untimely filing of Boles' Application to Reopen under Ohio R. App. P. 26(B) and Petitioner had not responded. *Id.*. at PageID 2084. The motion for evidentiary hearing was denied without prejudice to renewal after discovery is completed. *Id.* at PageID 2085.

Petitioner objects only to the limitations placed on his deposition of appellate counsel Shawn Hooks. He claims he can show cause and prejudice to excuse his untimely filing of his 26(B) Application.

Petitioner acknowledges that the ninety-day period within which a 26(B) Application must be filed commenced in this case on November 25, 2013, when the conviction was affirmed, *State v. Boles*, 12th Dist. Brown No. CA2012-06-012, 2013-Ohio-5202 (Nov. 25, 2013). He notes that period expired February 23, 2014 (Objections, ECF No. 52, PageID 2014). Boles also notes that an application under Rule 26(B) is the sole avenue for litigating an ineffective assistance of appellate counsel claim in Ohio. *Id.* at PageID 2105, citing *Hoffner v. Bradshaw*, 622 F.3d 487, 504 (6th Cir. 2010); *State v. Murnahan,* 63 Ohio St. 3d 60 (1992)[1].

Boles argues that "Shawn Hooks remained the sole appellate counsel through the Ohio Supreme Court's Entry declining jurisdiction" and because he was represented by counsel, Boles could not file his 26(B) Application *pro se* (Objections, ECF No. 52, PageID 2105). The State Court Record reflects that Hooks filed a Notice of Appeal to the Ohio Supreme Court and accompanying Memorandum in Support of Jurisdiction on Boles' behalf on January 9, 2014 (State

---

[1] It was in *Murnahan* that the Supreme Court of Ohio held an ineffective assistance of appellate counsel claim could not be brought in a petition for post-conviction relief and instructed its Rules Advisory Committee to draft what became Rule 26(B). 63 Ohio St. 3d at 66 n.6.

2

Court Record, ECF No. 7, PageID 287-97). The Ohio Supreme Court declined appellate jurisdiction on April 23, 2014. *State v. Boles*, 138 Ohio St. 3d 1468 (2014). Boles has his timeline correct – the final entry from the Supreme Court occurred more than sixty days after the 26(B) deadline expired.

The problem is with Boles's premise that, because Hooks was his "appellate attorney," Boles could not file a *pro se* 26(B) application. It is of course true that a defendant may not proceed both *pro se* and with counsel as the same time in the same court. There is no constitutional right to such hybrid representation. *McKaskle v. Wiggins*, 465 U.S. 168 (1984), followed in *State v. Taylor,* 98 Ohio St. 3d 27, 2002-Ohio-7017, ¶ 43 . Federal courts follow the same rule by statute. 28 U.S.C. § 1654 provides that "parties may plead and conduct their own cases personally or by counsel." The disjunctive "or" in the statute means that a litigant must choose between proceeding *pro se* and proceeding with the assistance of counsel. *United States v. Jimenez-Zalapa*, No. 06-20369-B, 2007 WL 2815563 (W.D. Tenn. Sept. 25, 2007) (Breen, J.); *see also United States v. Mosely,* 910 F.2d 93, 97-98 (6th Cir. 1987)*; United States v. Vampire Nation*, 451 F.3d 189 (3rd Cir. 2006).

But the fact that Hooks represented Boles on appeal to the Ohio Supreme Court does not imply Boles could not have filed a 26(B) application *pro se* in the Twelfth District. The only purpose of a 26(B) application is to accuse an appellate attorney of having provided ineffective assistance. As Boles acknowledges, an attorney cannot be expected to plead his own ineffectiveness. *State v. Carter*, 36 Ohio Misc 170, 304 N.E. 2d 416 (Mont. Cty. C.P. 1973) (Rice, J.). Because that proposition is broadly accepted, a defendant who is represented by the same attorney on direct appeal as at trial is not barred by *res judicata* from raising in post-conviction ineffective assistance of trial counsel claims which otherwise would be required to be raised on

direct appeal. *State v. Lentz*, 70 Ohio St. 3d 527 (1994); *State v. Cole*, 2 Ohio St. 3d 112, syllabus (1982).

But the fact that one continues to have the same attorney at one stage of a case as in a prior case does not logically lead to eliminating filing deadlines in parts of the case in which one is not entitled to counsel. For example, Ohio Revised Code § 2953.21 requires filing a petition for post-conviction relief within 365 days of filing the trial transcript on direct appeal. If one had the same attorney on direct appeal as at trial, one would be required to timely file the post-conviction petition even if one were proceeding *pro se*. There is of course no constitutional right to appointed counsel beyond the first direct appeal of right. *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987); *Ross v. Moffitt*, 417 U.S. 600 (1974). 26(B) proceedings are collateral in nature and not part of direct appeal. *Lopez v. Wilson*, 426 F.3d 339 (6th Cir. 2005) (*en banc*); *Deitz v. Money*, 391 F.3d 804 (6th Cir. 2004); *Morgan v. Eads,* 104 Ohio St. 3d 142 (2004).

Boles cites no authority for the proposition that a person in his position is prohibited from filing a 26(B) application because his appellate attorney is still representing him in the Ohio Supreme Court. Hooks's representation of Boles in the Twelfth District ended when that court entered judgment. The rule for which Boles contends – that if you keep the same attorney for appeal to the Supreme Court your late filing of a 26(B) application is excused – would essentially write the ninety day limit out of 26(B) in most such cases because a defendant gets forty-five days from appellate judgment to appeal to the Supreme Court and it is rare, at least in this Court's experience, for the Ohio Supreme Court to dispose of those applications within the next forty-five days.

Even if the Court were to accept Boles' argument that he could not file *pro se* while Hooks was still representing him, that representation ended when the Ohio Supreme Court declined

4

jurisdiction on April 23, 2014. Boles was, even by his own argument, completely free to file *pro se* after that, but he did not do so until December 18, 2014, 239 days later (State Court Record, ECF No. 7, PageID 315).

When Boles finally did file his 26(B) Application, almost thirteen months after judgment in the Twelfth District, the Twelfth District denied the Application because it was untimely. *State v. Boles*, 12th Dist. Brown No. CA2012-06-012 (Mar. 11, 2015) (unreported; copy at State Court Record, ECF No. 7, PageID 341-43). It specifically considered the excuse for late filing which Boles raised – lack of communication with counsel – and noted Ohio authority that this does not constitute good cause. *Id.* at PageID 342.

The Magistrate Judge denied Petitioner's request to depose Hooks because he found Boles' claims of ineffective assistance of appellate counsel were procedurally defaulted. The procedural default doctrine in habeas corpus is described by the Supreme Court as follows:

> In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an adequate and independent state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause of the default and actual prejudice as a result of the alleged violation of federal law; or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.

*Coleman v. Thompson*, 501 U.S. 722, 750 (1991); *see also Simpson v. Jones*, 238 F.3d 399, 406 (6th Cir. 2000). That is, a petitioner may not raise, in a federal habeas petition, a federal constitutional rights claim he could not raise in state court because of procedural default. *Wainwright v. Sykes*, 433 U.S. 72 (1977); *Engle v. Isaac*, 456 U.S. 107, 110 (1982). Absent cause and prejudice, a federal habeas petitioner who fails to comply with a State's rules of procedure waives his right to federal habeas corpus review. *Boyle v. Million*, 201 F.3d 711, 716 (6th Cir. 2000) (citation omitted); *Murray v. Carrier*, 477 U.S. 478, 485 (1986); *Engle*, 456 U.S. at 110;

5

*Wainwright*, 433 U.S. at 87.  *Wainwright* replaced the "deliberate bypass" standard of *Fay v. Noia*, 372 U.S. 391 (1963).  *Coleman*, 501 U.S. at 724.

The Sixth Circuit Court of Appeals requires a four-part analysis when the State alleges a habeas claim is precluded by procedural default. *Guilmette v. Howes,* 624 F.3d 286, 290 (6th Cir. 2010) (*en banc*); *Eley v. Bagley*, 604 F.3d 958, 965 (6th Cir. 2010); *Reynolds v. Berry*, 146 F.3d 345, 347-48 (6th Cir. 1998), *citing Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir. 1986); *accord Lott v. Coyle*, 261 F.3d 594, 601-02 (6th Cir. 2001); *Jacobs v. Mohr*, 265 F.3d 407, 417 (6th Cir. 2001).

> First the court must determine that there is a state procedural rule that is applicable to the petitioner's claim and that the petitioner failed to comply with the rule.
> . . . .
> Second, the court must decide whether the state courts actually enforced the state procedural sanction, citing *Cnty. Court of Ulster Cnty., New York v. Allen*, 442 U.S. 140, 149, 99 S.Ct. 2213, 60 L.Ed.2d 777 (1979).
>
> Third, the court must decide whether the state procedural forfeiture is an "adequate and independent" state ground on which the state can rely to foreclose review of a federal constitutional claim.
>
> Once the court determines that a state procedural rule was not complied with and that the rule was an adequate and independent state ground, then the petitioner must demonstrate under *Sykes* that there was "cause" for him to not follow the procedural rule and that he was actually prejudiced by the alleged constitutional error.

*Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir. 1986); accord, *Hartman v. Bagley,* 492 F.3d 347, 357 (6th Cir. 2007), *quoting Monzo v. Edwards*, 281 F.3d 568, 576 (6th Cir. 2002).  A habeas petitioner can overcome a procedural default by showing cause for the default and prejudice from the asserted error.  *Atkins v. Holloway*, 792 F.3d 654, 657 (6th Cir. 2015).

Applying the *Maupin* test, the Magistrate Judge finds Ohio has a relevant procedural rule – a 26(B) application must be filed within ninety days of the appellate judgment.  That rule was plainly enforced against Boles when he filed late.  In noncapital cases, the timeliness rule for filing

a 26(B) application has been repeatedly held by the Sixth Circuit to be an adequate and independent state ground of decision. *Hoffner v. Bradshaw*, 622 F.3d 487, 504-505 (6th Cir. 2010); *Tolliver v. Sheets*, 594 F.3d 900 (6th Cir. 2010), *citing Rideau v. Russell*, 342 F. App'x 998 (6th Cir. 2009); *Parker v. Bagley,* 543 F.3d 859 (6th Cir. 2008); *Scuba v Brigano*, 527 F.3d 479, 488 (6th Cir. 2007) (distinguishing holding in capital cases); *Monzo*, 281 F.3d 568 ;.

For the reasons discussed above, Boles has not shown cause to excuse his late filing of the 26(B) Application. Therefore, his Grounds for Relief claiming ineffective assistance of appellate counsel are procedurally defaulted and cannot properly be the basis of discovery. It is therefore respectfully recommended that Petitioner's Objections be OVERRULED.

August 20, 2018.

s/ *Michael R. Merz*<br>United States Magistrate Judge

### NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 153-55 (1985).