# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT CINCINNATI

PATRICK BOLES,

          Petitioner,      :      Case No. 1:14-cv-903

- vs -                             District Judge Michael R. Barrett
                                   Magistrate Judge Michael R. Merz

CHARLOTTE JENKINS, Warden,
  Chillicothe Correctional Institution,

                                    :

          Respondent.

## REPORT AND RECOMMENDATIONS

This habeas corpus case is before the Court on Petitioner's Objections (ECF No. 62) to the Magistrate Judge's Report and Recommendations ("Report," ECF No. 55). The Report in turn was filed on Judge Barrett's Recommittal Order (ECF No. 54) ordering reconsideration of the Magistrate Judge's Decision and Order on discovery ("Discovery Order," ECF No. 45) which decided Petitioner's Motion for Discovery and an Evidentiary Hearing (ECF No. 39). District Judge Barrett has again recommitted the matter to the Magistrate Judge for further analysis (ECF No. 66). The Warden's time to respond to the Objections has expired, but no response has been filed.

Petitioner Boles was convicted and imprisoned on four counts of sexual conduct with his niece, D.L., that occurred in 1991. In connection with his Amended Petition, he sought to depose his trial attorney, the victim, the victim's mother, and his appellate attorney. Although some depositions were authorized, the Magistrate Judge refused to authorize the deposition of appellate

1

counsel Shawn Hooks regarding Grounds for Relief Four, Five, Six, Seven, and Eight (ineffective assistance of appellate counsel claims) because Respondent had shown prima facie that those grounds were procedurally defaulted by untimely filing of Boles' Application to Reopen under Ohio R. App. P. 26(B) and Petitioner had not responded. *Id.* at PageID 2084.

Petitioner objected only to the limitations placed on his deposition of appellate counsel Shawn Hooks, claiming he could show cause and prejudice to excuse his untimely filing of his 26(B) Application (ECF No. 52). The Report explained why, in the Magistrate Judge's opinion, Boles had not shown excusing cause and prejudice (ECF No. 55).

In his renewed Objections, Boles points out the many examples of ineffective assistance of appellate counsel he had previously catalogued (ECF No. 62, PageID 2188-90). Counsel then recites the history of Ohio R. App. P. 26(B), drafted by the Ohio Supreme Court's Rules Advisory Committee pursuant to the court's recommendation to that effect in *State v. Murnahan,* 63 Ohio St. 3d 60 (1992), holding ineffective assistance of appellate counsel claims could not be raised in a petition for post-conviction relief under Ohio Revised Code § 2953.21. *Id.* at PageID 2191. Boles repeats his claim that he could not file a 26(B) application *pro se* because he continued to be represented during the relevant time period by Shawn Hooks, the allegedly ineffective appellate counsel. *Id.* at PageID 2192. That argument was considered and rejected in the Report and Boles claims it is in error.

A premise of the Report's analysis is that Mr. Hooks' representation of Boles on appeal ended with the entry of judgment in the court of appeals (Report, ECF No. 55, PageID 2150). Not so says Boles. Because Ohio R. App. P. 26(A) allows for a motion for reconsideration not later than ten days after a judgment is docketed, Boles asserts, "the entry of judgment does not end the representation of appellate counsel." (Objections ECF No. 62, PageID 2195.)

2

The State Court Record shows judgment was entered in the Twelfth District Court of Appeals November 25, 2013 (ECF No. 7, Exhibit 33, PageID 269). Accepting Boles's premise that Hooks' representation continued for during the time when there could have been a motion for reconsideration, the representation would have ended December 5, 2013, ten days after judgment. But Boles' time to file under Rule 26(B) did not run until ninety days after judgment, or February 23, 2014, long after Hooks' representation ended under Boles's "ten-days-for-reconsideration" argument.

Boles's second argument is that under Ohio S.Ct.Prac.R.II(2)(D)(1),[1] an appellate court retains jurisdiction to rule on an App. R. 26(B) application even though a direct appeal to the Ohio Supreme Court is pending at the time (Objections, ECF No. 62, PageID 2195). This point of law cuts contrary to Boles' argument. The fact that a 26(B) application could lawfully proceed in the court of appeals at the same time as a direct appeal means Boles could have filed and prosecuted his 26(B) *pro se* at the same time as Hooks was representing him on the Supreme Court appeal without violating the prohibition on hybrid representation. In other words, the fact that the appellate court **jurisdiction** continued does not logically entail that the appellate court **representation** continued.

Boles' reading of Rule 7.01(D)(1) would undercut the Supreme Court's evident purpose in adopting the rule in any case where retained appellate counsel continues the representation in the Supreme Court. If Boles' reading were correct, the 90-day limitation on a 26(B) application would essentially be written out of Rule 26(B) in any case in which the allegedly ineffective attorney was still retained in the Supreme Court.

---

[1] This Rule was renumbered by the Supreme Court of Ohio on January 1, 2013, to be S.Ct.Prac.R. 7.01(D)(1). It is unclear why Boles has cited the pre-2013 numbering.

Boles next argues that Ohio has not always enforced the ninety-day deadline (Objections, ECF No. 62, PageID 2197, citing three unpublished opinions of the Eighth District Court of Appeals from 1998 and 2002. However, the Sixth Circuit's test for procedural default is not whether a state procedural rule is always enforced, but whether it is regularly enforced. Regarding enforcement of the 90-day limit in 26(B), the Sixth Circuit has written in *Hoffner v. Bradshaw*, 622 F.3d 487, 504-505 (6th Cir. 2010):

> This court's precedents guide our application of the *Maupin* test for procedural default when a Rule 26(B) motion has been denied for untimeliness. By the time Hoffner filed his Rule 26(B) motion in June 2006, "it was well established that claims of ineffective assistance of appellate counsel must be raised in a motion for reconsideration before the Ohio Court of Appeals." *Monzo v. Edwards*, 281 F.3d 568, 577 (6th Cir. 2002) (considering whether Rule 26(B) was an independent and adequate state procedural rule as of May 1998). Since at least 1996, Ohio law has provided sufficient guidance on what constitutes a "good cause" for a late filing under Rule 26(B). *Id*. at 578. Furthermore, as of January 1996, "the time constraints of Rule 26(B) were firmly established and regularly followed." *Parker v. Bagley*, 543 F.3d 859, 861 (6th Cir. 2008) (discussing *Fautenberry v. Mitchell*, 515 F.3d 614, 641 (6th Cir. 2008)) (emphasis omitted). Although we have, in prior cases, found Rule 26(B) not to be an adequate and independent ground on which to find procedural default, those precedents are not applicable here because Rule 26(B) was firmly established and regularly followed by June 2006. N.4 See *id*. at 862 (applying the "firmly established and regularly followed" requirement "as of the time Rule 26(B) was to be applied"). Thus, we conclude that Hoffner has procedurally defaulted his claims of ineffective assistance of appellate counsel. Nevertheless, even if Hoffner's claims were not defaulted, each fails on the merits. See *Fautenberry*, 515 F.3d at 642 (analyzing the merits of a procedurally defaulted claim in the alternative).

.

Boles claims the support of *Martinez v. Ryan*, 566 U.S. 1 (2012), for his position that

ineffective assistance of counsel in a collateral proceeding will excuse a procedural default in presenting an ineffective assistance of trial counsel claim in a first collateral proceeding attacking a judgment (Objections, ECF No. 62, PageID 2198). The Sixth Circuit has not yet decided whether *Martinez* applies to Ohio, but even if it does, it only excuses default of an ineffective assistance of trial counsel claim, not an ineffective assistance of appellate counsel claim. *Davila v. Davis*, 582 U.S. ___, 137 S.Ct. 20158, 198 L.Ed.2d 603 (2017).

**Conclusion**

Based on the foregoing analysis, the Magistrate Judge again concludes Petitioner is not entitled to depose his appellate attorney, Shawn Hooks, on matters beyond those authorized in the previous Decision.

January 30, 2019.

s/ *Michael R. Merz*
United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party=s objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 153-55 (1985).