**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

Patrick Boles,

    Petitioner,

v.

Warden, Chillicothe
Correctional Institution,

    Respondent.

Case No. 1:14cv903

Judge Michael R. Barrett

**ORDER**

This matter is before the Court on the Magistrate Judge's August 21, 2018 Report and Recommendations ("R&R") (Doc. 55) and January 30, 2019 R&R (Doc. 67).[1] Petitioner and Respondent have filed objections to the August 21, 2018 R&R (Docs. 56, 62); and Petitioner filed objections to the January 30, 2019 R&R (Doc. 68). Petitioner has also filed a Response to Respondent's objections (Doc. 63).

**I.  STANDARD OF REVIEW**

When objections are made to a magistrate judge's report and recommendation on a nondispositive matter, this Court "shall modify or set aside any portion of the magistrate judge's order found to be clearly erroneous or contrary to law." Fed. R. Civ. P. 72(a). The "clearly erroneous" standard applies to the magistrate judge's factual findings and the "contrary to law" standard applies to the legal conclusions. *Sheppard v. Warden,*

---

[1] These R&Rs were entered after objections were filed to the Magistrate Judge's July 16, 2018 Decision and Order granting in part and denying in part Petitioner's Motion for Discovery and an Evidentiary Hearing. (Doc. 45). Respondent's objections are directed to the Magistrate Judge's August 21, 2018 R&R, even though substantively, the issues raised in the objections were only addressed by the Magistrate Judge in his Decision and Order.

*Chillicothe Corr., Inst.*, 1:12-CV-198, 2013 WL 146364, *5 (S.D. Ohio Jan. 14, 2013). Legal conclusions should be modified or set aside if they "contradict or ignore applicable precepts of law, as found in the Constitution, statutes, or case precedent." *Gandee v. Glaser*, 785 F.Supp. 684, 686 (S.D. Ohio 1992).

## II. BACKGROUND

This is a habeas corpus petition filed pursuant to 28 U.S.C. § 2254. A jury convicted Petitioner of four counts of sexual conduct with his niece, D.L. Petitioner brings fourteen grounds for relief in his Petition. In order to support Grounds One through Ten and Ground Fourteen, Petitioner seeks to depose his trial attorney, Nicholas Ring; Connie Lovejoy, who is D.L's mother; D.L.; and his appellate attorney, Shawn Hooks.

The Magistrate Judge ruled that Petitioner procedurally defaulted Grounds One, Two, and Three. However, the Magistrate Judge explained that deficient performance by an attorney in post-conviction proceedings can excuse procedural default of a substantial claim of ineffective assistance of trial counsel. Therefore, the Magistrate Judge ruled that Petitioner would be able to depose Attorney Hooks regarding his failure to file a timely petition for post-conviction relief; and would also be able to depose Attorney Ring to preserve his testimony in the event Petitioner was later able to show the procedural default of Grounds One, Two and Three should be excused. However, the Magistrate Judge ruled that Petitioner's claims of ineffective assistance of appellate counsel are procedurally defaulted, and he may not depose Attorney Hooks as to those grounds.

The Magistrate Judge also ruled that Petitioner would be allowed to depose Connie Lovejoy regarding her knowledge of her daughter's claims of abuse near or at the time

the abuse occurred, which might be relevant to Petitioner's claim that the statute of limitations bars the charges brought against Petitioner.

Next, the Magistrate Judge ruled that Petitioner would be allowed to depose the victim, D.L., as to the following:

> Who was the guidance counselor to whom she reported? When was the guidance counselor interaction/report made? What was done with the information that D.L. reported to the guidance counselor? Was D.L. ever present when her mother and the guidance counselor discussed the alleged abuse? Was there any discussion between the teacher who referred D.L. to the guidance counselor and D.L.'s mother in D.L.'s presence, and if so when and where did those discussions occur?

(Doc. 45, PAGEID# 2083).

Finally, the Magistrate Judge ruled Petitioner's motion for an evidentiary hearing is premature; and therefore denied the motion without prejudice.

Petitioner objects to the Magistrate Judge's rulings only to the extent that the Magistrate Judge denied the right to depose Attorney Hooks regarding ineffective assistance of appellate counsel (Grounds Four, Five, Six, Seven and Eight). Petitioner argues that cause exists to excuse the procedural default of that claim. Specifically, Petitioner explains that he could not file his own timely motion to reopen his direct appeal to raise ineffective assistance of appellate counsel claims pursuant to Rule 26(B) of the Ohio Rules of Appellate Procedure, since he was represented by that same appellate counsel for at least sixty days after the mandatory ninety-day filing deadline.

Respondent objects to the Magistrate Judge's ruling to the extent that it permits any of the proposed discovery. Respondent explains that testimony from D.L., her mother and Attorney Ring is unnecessary because Petitioner conceded in his Rule 26(B) application that his ineffective assistance of trial counsel claims were record-based claims

3

which should have been raised on direct appeal. In addition, Respondent argues that Petitioner's ineffective assistance of trial counsel claims have been procedurally defaulted and Petitioner cannot establish cause for the default.

### III. ANALYSIS

"[U]nlike the usual civil litigant in federal court, [a habeas petitioner] is not entitled to discovery as a matter of ordinary course." *Bracy v. Gramley*, 520 U.S. 899, 904, 117 S.Ct. 1793, 138 L.Ed.2d 97 (1997); *see also Johnson v. Mitchell*, 585 F.3d 923, 924 (6th Cir. 2009). Instead, Rule 6 of the Rules Governing Section 2254 Cases in the United States District Courts provides that "[a] judge may, for good cause, authorize a party to conduct discovery under the Federal Rules of Civil Procedure[.]" "Good cause" for exists only "where specific allegations before the court show reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is . . . entitled to relief." *Bracy*, 520 U.S. at 908-909, 117 S.Ct. 1793 (quoting *Harris v. Nelson*, 394 U.S. 286, 300, 89 S.Ct. 1082, 22 L.Ed.2d 281 (1969)).

"There is no clear entitlement to discovery in support of procedurally defaulted habeas claims." *Sample v. Colson*, 958 F. Supp. 2d 865, 888 (W.D. Tenn. 2013) (collecting cases). However, "a habeas petitioner may use a Habeas Rule 6 discovery motion to obtain evidence relevant to excusing procedural default." *Id.* (citing *Payne v. Bell*, 89 F. Supp. 2d 967, 974 (W.D. Tenn. 2000)); *see also Cunningham v. Hudson*, 756 F.3d 477, 487 n.4 (6th Cir. 2014).

#### A. Grounds One, Two and Three: Ineffective assistance of trial counsel

Petitioner seeks discovery on his claim in Ground One: that he received ineffective assistance of trial counsel when trial counsel failed to object when the State elicited

testimony that the statute of limitations was twenty years. Petitioner also seeks discovery on Ground Two: that he received ineffective assistance of trial counsel when counsel failed to raise the *ex post facto* violation based on the statutory change in the statute of limitations. Finally, Petitioner seeks discovery on Ground Three: that he received ineffective assistance of trial counsel when counsel failed to conduct a reasonable investigation and prepare a crucial witness for trial.

The Magistrate Judge permitted the depositions of D.L. and Connie Lovejoy—who is D.L.'s mother—to be taken in order to support Petitioner's claims in Ground One. As Respondent points out, Attorney Ring questioned D.L. extensively at trial about when and to whom she disclosed the sexual abuse. D.L. testified that when she revealed the sexual abuse to her mother a year or two after it occurred, her mother did not take her to the police, the hospital, a doctor, or a counselor. D.L. later revealed the abuse to her economics teacher, who testified that he and a guidance counselor were informed by D.L. about the abuse in the 1996-1997 school year.

The Court finds that good cause does not exist for the depositions of D.L or her mother. First, Petitioner's attorney has already had an opportunity to cross-examine these witnesses on the same issues. *See United States ex rel. Blankenship*, 59 F.Supp.2d 736, 739 (N.D.Ill. 1999) (finding petitioner had not shown good cause to depose witness who had been cross-examined on same issue at state evidentiary hearing). In addition, any disclosure of sexual abuse to D.L.'s mother would not be relevant because notification to a parent does not end the tolling of the statute. *See* Ohio Rev. Code § 2901.13(J)(2).[2] Next, while the notification to the guidance counselor during

---

[2]The statute provides:

5

the 1996-1997 school year may have triggered the statute of limitations, any evidence of discussions after that time period would not have any bearing on the statute of limitations issue. Finally, Ohio courts have uniformly upheld the constitutionality of the retroactive extension of the statute of limitations. *Pluhar v. Cook*, No. 1:16 CV 2051, 2018 WL 7575039, at *19 (N.D. Ohio Sept. 13, 2018) (citing cases). Therefore, there is not a reasonable probability that if trial counsel had raised an *ex post facto* challenge, the result of the proceeding would have been different.

Moreover, it appears that Petitioner has procedurally defaulted all three of his claims that trial counsel was ineffective. As the Magistrate Judge explained, Petitioner cannot overcome this default through an ineffective assistance of appellate counsel claim because Petitioner has also procedurally defaulted his ineffective assistance of appellate counsel claim. *Accord Edwards v. Carpenter*, 529 U.S. 446, 450-51, 120 S.Ct. 1587, 146 L.Ed.2d 518 (2000) ("[A] procedurally defaulted ineffective-assistance-of-counsel claim can serve as cause to excuse the procedural default of another habeas claim only if the habeas petitioner can satisfy the 'cause and prejudice' standard with respect to the

---

(J) The period of limitation for a violation of any provision of Title XXIX of the Revised Code that involves a physical or mental wound, injury, disability, or condition of a nature that reasonably indicates abuse or neglect of a child under eighteen years of age or of a child with a developmental disability or physical impairment under twenty-one years of age shall not begin to run until either of the following occurs:

(1) The victim of the offense reaches the age of majority.

(2) A public children services agency, or a municipal or county peace officer that is not the parent or guardian of the child, in the county in which the child resides or in which the abuse or neglect is occurring or has occurred has been notified that abuse or neglect is known, suspected, or believed to have occurred.

Ohio Rev. Code § 2901.13.

ineffective-assistance claim itself."). However, the Magistrate Judge permitted the deposition of Attorney Ring so that his testimony would be preserved in the event that the Court found cause to excuse the procedural default of the claims in Grounds One, Two and Three. Specifically, the Magistrate Judge explained that Petitioner could establish ineffective assistance of post-conviction counsel as cause to excuse the procedural default of Petitioner's ineffective assistance of trial counsel claims in Grounds One, Two and Three.

In *Coleman v. Thompson*, 501 U.S. 722, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991), the Supreme Court explained that there is no constitutional right to counsel in state post-conviction proceedings, and therefore, ineffective assistance in those proceedings does not qualify as cause to excuse a procedural default. *Davila v. Davis*, 137 S. Ct. 2058, 2062, 198 L. Ed. 2d 603 (2017). However, as the Supreme Court has explained:

> In *Martinez v. Ryan*, 566 U.S. 1, 132 S.Ct. 1309, 182 L.Ed.2d 272 (2012), and *Trevino v. Thaler*, 569 U.S. 413, 133 S.Ct. 1911, 185 L.Ed.2d 1044 (2013), this Court announced a narrow exception to *Coleman's* general rule. That exception treats ineffective assistance by a prisoner's state postconviction counsel as cause to overcome the default of a single claim—ineffective assistance of trial counsel—in a single context—where the State effectively requires a defendant to bring that claim in state postconviction proceedings rather than on direct appeal.

*Id*. The rationale for this narrow exception is that "the collateral proceeding is in many ways the equivalent of a prisoner's direct appeal as to the ineffective assistance claim." *Martinez*, 132 S.Ct. at 1317.

In the time since the Magistrate Judge's ruling on this issue, the Sixth Circuit has has held that *Trevino* and its modification of *Martinez* applies in Ohio in cases where a petitioner's ineffective assistance of trial counsel claim relies on evidence outside the trial record. *White v. Warden, Ross Corr. Inst.*, 940 F.3d 270, 277 (6th Cir. 2019). Petitioner

7

attempts to bring his claims within this exception provided by *Martinez/Trevino* by explaining that appellate counsel, Shawn Hooks, abandoned Petitioner by failing to file a timely post-conviction petition even though he was paid to do so.

However, as Respondent points out, even if Petitioner's ineffective assistance of trial counsel claims based on evidence outside the record may be procedurally defaulted based on the filing of an untimely state-court habeas petition, Petitioner's ineffective assistance of counsel claims have been defaulted for a different reason. Petitioner failed to raise these claims in his first state habeas petition filed pursuant to Ohio Revised Code § 2953.21.[3] Under Ohio law, *res judicata* bars Petitioner from raising those claims that were not presented in this petition because they could have been raised at that time. *Jells v. Mitchell*, 538 F.3d 478, 502 (6th Cir. 2008) (citing *State ex rel. Rash v. Jackson*, 102 Ohio St.3d 145, 807 N.E.2d 344, 346 (Ohio 2004)).

While Petitioner did raise an ineffective assistance claim based upon trial counsel's failure to conduct a reasonable investigation and prepare a crucial witness for trial in his postconviction petition, the state court of appeals found that "the issue is barred by *res judicata* as appellant asserted the same issue in his first PCR petition which the trial court denied and which denial appellant did not appeal." *State v. Boles*, 2017 WL 878687, *4

---

[3]Petitioner disputes that he failed to raise the claims of ineffective assistance of trial counsel regarding the statute of limitations or the *ex post facto* issue in his state postconviction petition. Petitioner states that in his state postconviction petition he argued: "that the failure of trial counsel prejudiced the Petitioner because had counsel prepared he would have been able to prove 'counts one, two, three and four were barred by the statute of limitations contained in R.C. 2901.13 that was in effect at the time of the alleged commission of the offenses.'" (Doc. 63, PAGEID# 2207) (quoting Doc. 28, PAGEID# 1621). While this quoted language does appear in the state postconviction petition, it appears in the statement of facts section of the petition. Petitioner clearly stated that his sole ground for relief was that "Petitioner's rights guaranteed by the Sixth and Fourteenth Amendments to the United States Constitution were violated because Petitioner received the ineffective assistance of counsel at trial by failing to conduct a reasonable investigation and prepare for trial." (Doc. 28, PAGEID# 1621).

(Ohio Ct. App. Mar. 6, 2017) (citing *State v. Lester*, No. L–98–1086, 1999 WL 173658 (Ohio Ct. App. Mar. 31, 1999); *State v. Britton*, No. L–97–1345, 1998 WL 666768 (Ohio Ct. App. Sept. 30, 1998)). Therefore, even if this ineffective assistance of counsel claim was not required to be raised on direct appeal, he defaulted his claim by failing to give the state courts full opportunity to resolve the issue. *Accord Fetherolf v. Warden, Chillicothe Corr. Inst.*, No. 2:19-CV-00168, 2020 WL 1933578, at *5 (S.D. Ohio Apr. 22, 2020) (citing *O'Sullivan v. Boerckel*, 526 U.S. 838, 845, 119 S. Ct. 1728, 1732, 144 L. Ed. 2d 1 (1999)).

Because the *Martinez/Trevino* exception does not provide an avenue for demonstrating cause for these other types of procedural default, the Court finds good cause does not exist for the deposition of Attorney Ring regarding his representation of Petitioner at trial. For the same reasons, good cause does not exist for the deposition of Attorney Hooks concerning his alleged failure to pursue post-conviction relief.

Accordingly, Respondent's objections are sustained; and Petitioner's Motion for Discovery is DENIED as to Grounds One, Two and Three.

### B. Ineffective assistance of appellate counsel (Grounds Four, Five, Six, Seven and Eight)

The Magistrate Judge found that the claims in Grounds Four, Five, Six, Seven and Eight were procedurally defaulted as a result of the untimely filing of Petitioner's application under Ohio Rule 26(B) of the Ohio Rules of Appellate Procedure. Therefore, the Magistrate Judge ruled that Petitioner was not permitted to depose Attorney Hooks on these claims.

Petitioner objects and explains he was prevented from filing a timely claim of ineffective assistance of appellate counsel under Ohio Rule 26(B) because Attorney

9

Hooks remained appellate counsel through the Ohio Supreme Court's Entry declining jurisdiction, which was filed on April 23, 2014. Petitioner points out that this was more than sixty days after the Ohio Rule 26(B) clock had run on February 23, 2014. Petitioner explains that because Petitioner was represented by counsel, he was not permitted to file the Ohio Rule 26(B) application *pro se.*

In Ohio, claims of ineffective assistance of appellate counsel must be raised in a delayed motion for reconsideration in the state appellate courts before asserting them in the federal courts. *See Ohio R. App. P. 26(B)*; *Coleman v. Mitchell*, 244 F.3d 533, 539 (6th Cir. 2001) (citing *State v. Murnahan*, 63 Ohio St.3d 60 (1992)). As the Magistrate Judge explained, the state appellate court refused to consider the merits of Petitioner's claims based upon his failure to establish good cause for his untimely Rule 26(B) application; and as a consequence, the claims are procedurally defaulted. *Accord Parker v. Bagley*, 543 F.3d 859, 862 (6th Cir. 2008) (explaining that in non-capital cases, untimeliness of a Ohio Rule 26(B) application to reopen was an adequate and independent state procedural ground).

The exception found in *Martinez* and *Trevino* cannot be used to supply cause to excuse the procedural default of these claims. The Supreme Court has specifically declined to extend *Martinez* and *Trevino* to procedurally defaulted claims of ineffective assistance of appellate counsel. *Davila v. Davis*, 137 S. Ct. 2058, 2065, 198 L. Ed. 2d 603 (2017).

The remainder of Petitioner's arguments were addressed and rejected by the Magistrate Judge. The Court finds no error in the Magistrate Judge's conclusion that Hooks continued representation of Petitioner during his direct appeal cannot serve as

10

cause for the procedural default of his ineffective assistance of appellate counsel claims. As Sixth Circuit precedent makes clear, "counsel's failures in connection with a Rule 26(B) application cannot serve as cause to excuse a procedural default because there is no right to counsel at that stage." *McClain v. Kelly*, 631 F. App'x 422, 437 (6th Cir. 2015) (collecting cases); *but see Gunner v. Welch*, 749 F.3d 511 (6th Cir. 2014) (the failure of appellate counsel to inform his client that limitations period for filing postconviction relief under Ohio Revised Code § 2953.21 begins with the filing of the record on appeal excused a procedural default).[4] Therefore, information provided by Hooks in a deposition about his representation of Petitioner would have no bearing on the filing of the Rule 26(B) application, which is "an independent, collateral proceeding." *McClain*, 631 F. App'x 430 (quoting *Wilson v. Hurley*, 382 Fed.Appx. 471, 474 (6th Cir. 2010)).

Accordingly, Petitioner's objections are overruled; and Petitioner's Motion for Discovery is DENIED as to Grounds Four, Five, Six, Seven and Eight.

## IV. **CONCLUSION**

Having reviewed this matter *de novo* in accordance with Rule 72 of the Federal Rules of Civil Procedure, the Court finds the Magistrate Judge's August 21, 2018 R&R (Doc. 55) and January 30, 2019 R&R (Doc. 67) to be thorough, well-reasoned, and correct. Accordingly, the Magistrate Judge's August 21, 2018 R&R (Doc. 55) and January 30, 2019 R&R (Doc. 67) are **ADOPTED** in their entirety, and Petitioner's Objections (Docs. 62, 68) are **OVERRULED**. To the extent that Respondent objects to the Magistrate Judge's July 16, 2018 Decision and Order granting in part and denying in part

---

[4] In *McClain*, the Sixth Circuit acknowledged parallels between Ohio Revised Code § 2953.21 and Rule 26(B), but held that based on *Martinez* and its own precedent it could not expand its decision in *Gunner* to Rule 26(B) claims. 631 F. App'x 436.

Petitioner's Motion for Discovery and an Evidentiary Hearing (Doc. 45), those objections are **SUSTAINED**. It is hereby **ORDERED** that Petitioner's Motion for Discovery and an Evidentiary Hearing (Doc. 39) is **DENIED** in its entirety.

**IT IS SO ORDERED.**

　　　　　　　　　　　　　　　　　　　　　　　　　　　　　*/s/ Michael R. Barrett*
　　　　　　　　　　　　　　　　　　　　　　　　　　　　Michael R. Barrett
　　　　　　　　　　　　　　　　　　　　　　　　　　　　United States District Court