# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT CINCINNATI

PATRICK BOLES,

     Petitioner,    :  Case No. 1:14-cv-903

  - vs -          District Judge Michael R. Barrett
               Magistrate Judge Michael R. Merz

CHARLOTTE JENKINS, Warden,
 Chillicothe Correctional Institution,

             :

      Respondent.

---

# REPORT AND RECOMMENDATIONS

---

   This habeas corpus case is ripe for decision, given that District Judge Barrett has denied

discovery and an evidentiary hearing (ECF No. 70).  The Court has before it the First Amended

Petition (ECF No. 24), the State Court Record (ECF Nos. 7, 28, 53), Respondent's Return of Writ

(ECF No. 29), and Petitioner's Reply (ECF No. 40).


**Litigation History**


   On July 7, 2011, the Brown County, Ohio, grand jury indicted Boles on eight counts of rape in

violation of Ohio Rev. Code § 2907.02(A)(1)(b). (ECF No. 7, Exhibit 1)[1]. The indictment alleged eight

separate instances of sexual conduct between Boles and his niece, D.L., four of which occurred in 1991

and the remaining four occurred in 1992; D.L. was alleged to have been under thirteen years of age in

---

[1] This indictment superseded a prior May 2011 indictment.

each instance.  In May 2012 a jury convicted Boles on the 1991 counts and acquitted him on the 1992

counts.  He was then sentenced to an aggregate term of imprisonment of fifteen to seventy-five years.

On appeal the Ohio Twelfth District Court of Appeals affirmed. *State v. Boles*, 2013-Ohio-5202 (12th

Dist. Nov. 25, 2013)("*Boles I*"), appellate jurisdiction declined, 138 Ohio St. 3d 1468 (2014).

The Twelfth District summarized the factual background of the appeal as follows:

> [*P3]  Appellant is the maternal uncle of D.L. At all times relevant
> to this appeal, D.L. was living with her parents at their residence in
> Higginsport, Ohio. Appellant would occasionally visit the family on
> weekends and would sometimes stay the night. D.L. stated that she
> had a good relationship with appellant when she was younger and
> considered him the "favorite uncle." Appellant would typically
> show D.L. a lot of attention when he visited. The two would often
> play games, watch cartoons, and play sports together. He would also
> buy her gifts, take her places, and even let her drive his automobile.

> [*P4]  At around the age of ten, D.L. testified that appellant began
> to exhibit more sexual and intimate behavior towards her.
> Conversations between the two became more adult and directed
> towards sex. D.L. testified that she knew where appellant hid his
> pornography in his automobile and that the two viewed pornography
> together. She also stated that she had observed him masturbating in
> her parents' bedroom with the door open on at least one occasion.

> [*P5]  The two also had more physical contact as their relationship
> progressed. D.L. testified that they would sit closer together during
> movies and engage in more physical wrestling. Later, appellant
> would sneak into D.L.'s room at night and caress her body while she
> lay in bed. According to D.L., the appellant began purchasing more
> expensive gifts for her as the relationship became more intimate.
> Appellant also began increasing  the frequency of his visits with the
> family.

> [*P6]  Eventually, appellant and D.L. began engaging in sexual
> conduct. D.L. testified as to the details of multiple sexual acts that
> occurred at various locations in D.L.'s home, including her bedroom,
> the shower, her brother's bedroom, and the kitchen. D.L
> distinguished between various scenarios where the two had engaged
> in acts of fellatio, cunnilingus, digital penetration, and vaginal
> intercourse during 1991. D.L. also testified as to four specific acts
> of fellatio, cunnilingus, digital penetration, and vaginal intercourse
> which occurred in 1992.

[*P7] The relationship between appellant and D.L. and her family abruptly ended in 1992 after a family dispute. Appellant never returned to the Higginsport address, nor does there appear to be any further allegations of sexual conduct with D.L. after that time.

[*P8] The record reflects that D.L. unsuccessfully attempted to report appellant's conduct over the years. D.L. testified that she first told her mother of the sexual abuse one or two years after the sexual conduct with appellant ended. She also told a high school teacher and attempted to inform a school counselor, but decided not to pursue the matter further. In 2011, D.L. contacted the Brown County Prosecutor's office which investigated the allegations and commenced the prosecution of this action in 2011.

*Boles I.*

On December 18, 2014, Boles filed a delayed application to reopen his direct appeal under Ohio R. App. P. 26(B)(State Court Record, ECF No. 7, Ex. 37). The Twelfth District found the application was untimely without sufficient excuse. *Id.* at Ex. 39 (unreported), appellate jurisdiction declined, *State v. Boles*, 143 Ohio St.3d 140 (2015).

On May 26, 2015, Boles, through counsel, filed a petition for post-conviction relief pursuant to Ohio Rev. Code § 2953.21 (State Court Record, ECF No. 28, Ex. 44). The trial court denied the petition as untimely, *Id.* at Ex. 46, and Boles did not appeal.

On May 5, 2016, Boles filed a motion for reconsideration or, in the alternative, a successive petition for post-conviction relief. (ECF No. 28, Ex. 47). The trial court denied the petition, *Id.* at Ex. 49, judgment affirmed, *State v. Boles,* 2017-Ohio-786 (12th Dist. Mar. 6, 2017)("*Boles II*"), appellate jurisdiction declined, 151 Ohio St. 3d 1453 (2017).

Boles originally filed this case in 2014, but it was stayed to allow exhaustion of state court remedies (ECF No. 16). After the case was reopened in 2018, Boles filed his First Amended Petition, pleading the following grounds for relief:

**First Ground for Relief**: Petitioner's rights guaranteed by the Sixth and Fourteenth Amendments to the United States Constitution were violated because Petitioner received the ineffective assistance of counsel at trial.

**Second Ground for Relief:** Petitioner's rights guaranteed by the Sixth and Fourteenth Amendments to the United States Constitution were violated because Petitioner received the ineffective assistance of counsel at trial.

**Third Ground for Relief:** Petitioner's rights guaranteed by the Sixth and Fourteenth Amendments to the United States Constitution were violated because Petitioner received the ineffective assistance of counsel at trial by failing to conduct a reasonable investigation and to prepare a crucial witness for trial.

**Fourth Ground for Relief:** Petitioner's rights guaranteed by the Sixth and Fourteenth Amendments to the United States Constitution were violated because Petitioner received the ineffective assistance of counsel on direct appeal.

**Fifth Ground for Relief:** Petitioner's rights guaranteed by the Sixth and Fourteenth Amendments to the United States Constitution were violated because Petitioner received the ineffective assistance of counsel in his direct appeal by the failure of appellate counsel to raise and argue trial counsel's failure to challenge the statute of limitation applicable to the counts of conviction.

**Sixth Ground for Relief:** Petitioner's rights guaranteed by the Sixth and Fourteenth Amendments to the United States Constitution were violated because Petitioner received the ineffective assistance of counsel in direct appeal by the failure of appellate counsel to raise and argue trial counsel's failure to challenge the *ex post facto* effect of the change in the statute of limitations.

**Seventh Ground for Relief:** Petitioner's rights guaranteed by the Sixth and Fourteenth Amendments to the United States Constitution were violated because Petitioner received the ineffective assistance of counsel in direct appeal by the failure of appellate counsel to raise and argue trial counsel's failure to conduct a reasonable investigation and to prepare a crucial witness for trial.

**Eighth Ground for Relief:** Petitioner's rights guaranteed by the Sixth and Fourteenth Amendments to the United States Constitution were violated because Petitioner received the ineffective assistance of counsel in direct appeal by the failure of appellate counsel to raise and argue trial counsel's failure to object to the use of Dr. Stuart Bassman as an expert witness by the State of Ohio.

**Ninth Ground for Relief:** Petitioner's rights guaranteed by the Sixth and Fourteenth Amendments to the United States Constitution were violated because Petitioner received the ineffective assistance of trial

4

counsel's failure to object to the instruction from the court that the jury had to accept Dr. Bassman's testimony thereby denying him a fair trial in violation of Sixth and Fourteenth Amendments rights.

**Tenth Ground for Relief:** The trial court abused its discretion and violated Petitioner's Sixth Amendment right to a fair trial when it allowed Cynthia Hackworth-Rogers to testify about an incident that took place years before the relevant time period which was not objected to by trial counsel, thereby rendering ineffective assistance of counsel in violation of Petitioner's Sixth and Fourteenth Amendments rights guaranteed by the United States Constitution and with the admission of the evidence a violation of Petitioner's Sixth Amendment right to a fair trial.

**Eleventh Ground for Relief:** The trial court abused its discretion and violated Petitioner's Sixth Amendment right to a fair trial when it allowed David Landen Lovejoy to testify about an incident where D. L. showed him pornography that she found in Petitioner's automobile[,] thereby depriving Petitioner of a fair trial in violation of the Sixth and Fourteenth Amendments.

**Twelfth Ground for Relief:** The trial court abused its discretion and violated Petitioner's Sixth Amendment right to a fair trial when it permitted Dr. Bassman to testify that children who have been "groomed" may delay reporting sexual abuse[,] thereby depriving petitioner of a fair trial in violation of the Sixth and Fourteenth Amendments.

**Thirteenth Ground for Relief:** The verdict was against the manifest weight of the evidence and there was insufficient evidence to sustain a conviction[,] thereby violating the Petitioner's due process rights protected by the Fourteenth Amendment to the United States Constitution.

**Fourteenth Ground for Relief:** *Martinez/Trevino* provides cause to excuse procedural default and this court is not precluded from hearing and deciding petitioner's claim in post-conviction by applying *Martinez/Trevino* in this habeas corpus action to determine that petitioner's rights guaranteed by the Sixth and Fourteenth Amendments to the United State Constitution were violated because petitioner received the ineffective assistance of counsel at trial by failing to conduct a reasonable investigation and to prepare a crucial witness for trial.

(ECF No. 24, PageID 1515-1547).

5

**Respondent's Position**

In the Return of Writ, Respondent asserts that Boles' First, Second, Third, Fifth, Sixth, Seventh, Eighth, and Ninth Grounds for Relief are barred by Boles' procedural defaults in presenting them to the state courts (Return, ECF No. 29, PageID 1842-44, 1846). The Warden claims Ground Four does not state a claim for relief cognizable in habeas corpus. *Id.* at PageID 1848. Ground Fourteen is argued to be without merit. *Id.* at PageID 1849-50.

The Warden defends Grounds Ten, Eleven, and Twelve on the merits to the extent they raised federal constitutional claims and argues they are not cognizable to the extent they rely on state law. Ground Twelve is also argued to have been procedurally defaulted when Boles did not include that ground in his appeal to the Supreme Court of Ohio. *Id.* at PageID 1856.

Respondent asserts the manifest weight claim in Ground Thirteen fails to state a federal constitutional claim and the sufficiency of the evidence claim was abandoned on direct appeal to the Supreme Court of Ohio. *Id.* at PageID 1857-58.

**Petitioner's Reply**

Boles summarizes his argument in the Reply as follows:

> Petitioner's Reply establishes that this Court is not procedurally barred from reviewing the merits of the federal constitutional claims raised in his First Amended Petition for Writ of Habeas Corpus. Respondent seeks to bar this Court from any substantive consideration of some of Petitioner's claims despite the fact that most of them were given no meaningful consideration by the state courts of Ohio, when presented to them by Petitioner, Patrick Boles. In other words, Patrick Boles would be imprisoned for the rest of his life without any court providing him a fair and adequate opportunity for relief from the numerous violations of his federal constitutional

> rights that resulted in his conviction and sentence of fifteen (15) to
> seventy-five (75) years.

(Reply, ECF No. 40, PageID 1976-77).

Petitioner recognizes the process mandated by the Sixth Circuit for deciding procedural default defenses in *Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir. 1986), and emphasizes the need for Respondent to prove each of the *Maupin* elements. *Id.* at PageID 1978-84. He concludes:

> Because there exists [sic] no adequate state grounds upon which to refuse federal review of the merits of the issues presented, this Court should address all issues raised by Mr. Boles. in his Amended Petition. A review by this Court of the merits of these issues would not imply disrespect for Ohio's procedural rules since the appellate courts of Ohio apply its own state procedural rules in an inconsistent and discretionary manner and few if any are reviewed past the appellate level; justice requires nothing less.

*Id.* at 1984. In other words, Petitioner urges the Court to overrule each and every procedural default defense raised by the Warden.

Even if the Court were to find procedural defaults, Boles argues that most of them are excused by ineffective assistance of counsel. *Id.* at PageID 1985-86. Boles also relies on the actual innocence exception to procedural default. *Id.* at PageID 1987-88. Boles promises to apply the particular parts of his procedural default analysis to individual Grounds for Relief. *Id.* at PageID 1978.

# Analysis

### Ground One:  Ineffective Assistance of Trial Counsel: Failure to Raise Claim About Ohio Law in Effect at the Time of the Offenses

Boles' First Ground for Relief asserts he received ineffective assistance of trial counsel when his trial counsel failed to raise issues regarding the law in effect at the time the offenses occurred.  This claim was not raised on direct appeal and Respondent asserts it was thereby procedurally defaulted.

The procedural default doctrine in habeas corpus is described by the Supreme Court as follows:

> In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an adequate and independent state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause of the default and actual prejudice as a result of the alleged violation of federal law; or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.

*Coleman v. Thompson*, 501 U.S. 722, 750 (1991); *see also Simpson v. Jones*, 238 F.3d 399, 406 (6th Cir. 2000).  That is, a petitioner may not raise on federal habeas a federal constitutional rights claim he could not raise in state court because of procedural default. *Wainwright v. Sykes*, 433 U.S. 72 (1977); *Engle v. Isaac*, 456 U.S. 107, 110 (1982).  *Wainwright* replaced *Fay v. Noia*, 372 U.S. 39 (1963), the Warren Court precedent relied on by Boles, which allowed virtually plenary consideration of constitutional claims in habeas.

"Absent cause and prejudice, 'a federal habeas petitioner who fails to comply with a State's rules of procedure waives his right to federal habeas corpus review.'"  *Boyle v. Million*, 201 F.3d 711, 716 (6th Cir. 2000), quoting *Gravley v. Mills*, 87 F.3d 779, 784-85 (6th Cir. 1996); *Murray v.*

*Carrier*, 477 U.S. 478, 485 (1986); *Engle*, 456 U.S. at 110; *Wainwright*, 433 U.S. at 87.

> [A] federal court may not review federal claims that were procedurally defaulted in state court—that is, claims that the state court denied based on an adequate and independent state procedural rule. E.g., *Beard v. Kindler*, 558 U.S. 53, 55, 130 S.Ct. 612, 175 L.Ed.2d 417 (2009). This is an important "corollary" to the exhaustion requirement. *Dretke v. Haley*, 541 U.S. 386, 392, 124 S.Ct. 1847, 158 L.Ed. d 659 (2004). "Just as in those cases in which a state prisoner fails to exhaust state remedies, a habeas petitioner who has failed to meet the State's procedural requirements for presenting his federal claims has deprived the state courts of an opportunity to address" the merits of "those claims in the first instance." *Coleman* [*v. Thompson*], 501 U.S. [722,] 731-732, 111 S.Ct. 2546, 115 L.Ed.2d 640 [(1991)]. The procedural default doctrine thus advances the same comity, finality, and federalism interests advanced by the exhaustion doctrine. See *McCleskey v. Zant*, 499 U.S. 467, 493, 111 S.Ct. 1454, 113 L.Ed.2d 517 (1991).

*Davila v. Davis*, 137 S. Ct. 2058, 2064 (2017). "[A] federal court may not review federal claims that were procedurally defaulted in state courts." *Theriot v. Vashaw*, 982 F.3d 999 (6th Cir. 2020), citing *Maslonka v. Hoffner*, 900 F.3d 269, 276 (6th Cir. 2018) (alteration in original) (quoting *Davila v. Davis*, 137 S. Ct. 2058, 2064 (2017)).

The Sixth Circuit Court of Appeals requires a four-part analysis when the State alleges a habeas claim is precluded by procedural default. *Barton v. Warden, S. Ohio Corr. Facility,* 786 F.3d 450, 464 (6th Cir. 2015), *Guilmette v. Howes,* 624 F.3d 286, 290 (6th Cir. 2010)(*en banc*); *Eley v. Bagley*, 604 F.3d 958, 965 (6th Cir. 2010); *Reynolds v. Berry*, 146 F.3d 345, 347-48 (6th Cir. 1998), *citing Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir. 1986); *accord Lott v. Coyle*, 261 F.3d 594, 601-02 (6th Cir. 2001); *Jacobs v. Mohr*, 265 F.3d 407, 417 (6th Cir. 2001).

> First the court must determine that there is a state procedural rule that is applicable to the petitioner's claim and that the petitioner failed to comply with the rule.
>                         . . . .
> Second, the court must decide whether the state courts actually enforced the state procedural sanction, citing *County Court of Ulster*

> *County v. Allen*, 442 U.S. 140, 149, 99 S.Ct. 2213, 60 L.Ed.2d 777 (1979).
>
> Third, the court must decide whether the state procedural forfeiture is an "adequate and independent" state ground on which the state can rely to foreclose review of a federal constitutional claim.
>
> Once the court determines that a state procedural rule was not complied with and that the rule was an adequate and independent state ground, then the petitioner must demonstrate under *Sykes* that there was "cause" for him to not follow the procedural rule and that he was actually prejudiced by the alleged constitutional error.

*Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir. 1986); accord, *Hartman v. Bagley,* 492 F.3d 347, 357 (6th Cir. 2007), *quoting Monzo v. Edwards*, 281 F.3d 568, 576 (6th Cir. 2002).

Trial counsel's failure to raise issues relating to the law in effect in 1991 was evident on the face of the appellate record and thus could have been raised on direct appeal. In Ohio, claims of ineffective assistance of trial counsel which can be adjudicated on direct appeal must be raised there or they are barred by Ohio's doctrine of *res judicata* in criminal cases. That doctrine, enunciated in *State v. Perry,* 10 Ohio St. 2d 175 (1967), has been repeatedly held to be an adequate and independent state ground of decision. *Durr v. Mitchell*, 487 F.3d 423, 432 (6th Cir. 2007); *Buell v. Mitchell*, 274 F.3d 337 (6th Cir. 2001); *Coleman v. Mitchell*, 268 F.3d 417 (6th Cir. 2001); *Byrd v. Collins*, 209 F.3d 486, 521-22 (6th Cir. 2000); *Rust v. Zent,* 17 F.3d 155, 160-61 (6th Cir. 1994)(citation omitted); *Van Hook v. Anderson*, 127 F. Supp. 2d 899, 913 (S.D. Ohio 2001).

If a defendant can show that his ineffective assistance of trial counsel claim depends on evidence outside the appellate record, he can bring that claim in a petition for post-conviction relief under Ohio Revised Code § 2953.21. "[P]resentation of competent, relevant, and material evidence *dehors* the record may defeat the application of *res judicata*." *State v. Lawson*, 103 Ohio App. 3d 307 (12th Dist. 1995).

However, Petitioner did not present the substance of Ground One when he filed for post-

conviction relief.  Instead, his sole ground for relief in that petition reads:

> **Ground One:** Petitioner's rights guaranteed by the Sixth and Fourteenth Amendments to the United States Constitution were violated because Petitioner received the ineffective assistance of counsel at trial by failing to conduct a reasonable investigation and to prepare a crucial witness for trial.[2]

(Petition for Post-Conviction Relief, State Court Record, ECF No. 28, Ex. 44).  Judge Gusweiler dismissed the Petition because it was untimely under the statute of limitations for such petitions. *Id.* at Ex. 46.  Boles did not appeal from this decision but moved for reconsideration almost a year later. *Id.* at Ex. 47.  In the reconsideration motion he claimed his late filing of the original post-conviction relief petition was caused by the ineffective assistance of his appellate counsel who had agreed to file for post-conviction petition but never did so. *Id.* at Ex. 47.  Petitioner relied on the Supreme Court decisions in *Martinez v. Ryan*, 566 U.S. 1 (2012), and *Trevino v. Thaler*, 569 U.S. 413 (2013).

In denying the motion for reconsideration, Judge Gusweiler held that the post-conviction statute did not provide a mechanism for reconsideration and thus it would have to be treated as a successive petition under Ohio Revised Code § 2953.23 (Decision, State Court Record, ECF No. 28, Ex. 49).  Noting both *Perry* and *Lawson*, Judge Gusweiler held Boles was barred by *res judicata*. *Id.* He discussed *Martinez* and *Trevino*, but concluded they did not apply here. *Id.* On appeal the Twelfth District held *res judicata* applied, but for a different reason:  Boles' failure to appeal denial of the first post-conviction petition.  *Boles II* at ¶ 22.

As to the First Ground for Relief, Respondent has shown that Ohio has a procedural rule – the *res judicata* rule of *State v. Perry* – which was enforced against Boles and which the Sixth Circuit has repeatedly held is an adequate and independent state procedural rule.  Boles asserts he

---

[2] This is the underlying claim in Ground Seven where appellate counsel is accused of providing ineffective assistance by not raising the assignment of error that trial counsel was ineffective in this way.

can show cause and prejudice for this default.

> Most of the alleged procedural defaults raised by Respondent occurred as a result of Mr. Boles' ineffective trial and appellate counsel both of which have been raised as independent claims. Mr. Boles raised claims concerning the ineffective assistance of trial and appellate counsel in the state court, in both the post-conviction venue and in the App. R. 26(b) venue. Because Mr. Boles's counsel were in fact, ineffective and caused the applicable default if any and since ineffectiveness of counsel necessarily includes prejudice, See, *Strickland v. Washington*, 466 U.S. 668 (1984), cause and prejudice exist herein.

(Reply, ECF No. 40, PageID 1985-86.)

Boles is correct that ineffective assistance can constitute cause to excuse a procedural default. However, to use ineffective assistance as excusing cause, a petitioner must first properly present the ineffective assistance claim to the state courts. The ineffective assistance claim cannot be presented as cause if it was itself procedurally defaulted in the state courts, unless one of the standard excuses for that procedural default exists, to wit, actual innocence or cause and prejudice. *Edwards v. Carpenter*, 529 U.S. 446 (2000).

Respecting the First Ground for Relief, the default occurred on direct appeal and could have been excused by a showing of ineffective assistance of appellate counsel. However, Boles procedurally defaulted his ineffective assistance of appellate counsel claim as to Ground One by failing to file his 26(B) application on time. The Twelfth District Court of Appeals dismissed Boles's 26(B) application because it was untimely filed (State Court Record, ECF No. 7, Ex. 39). The timely filing requirement in Rule 26(B) has been repeatedly upheld as an adequate and independent state procedural ground of decision. *Hoffner v. Bradshaw*, 622 F.3d 487, 504-505 (6th Cir. 2010).

Boles asserts that if the Court reaches the question of cause and prejudice, it "must" allow him an evidentiary hearing on that issue (Reply, ECF No. 40, PageID 1986). However, the

authority cited for that proposition considerably predates adoption of the Antiterrorism and Effective Death Penalty Act of 1996 (Pub. L. No 104-132, 110 Stat. 1214)(the "AEDPA") and the Supreme Court's decision in *Cullen v. Pinholster*, 563 U.S. 170 (2011). While there may be collateral issues on which a habeas court is still authorized to conduct evidentiary hearings after *Pinholster*, Petitioner here has cited no authority to that effect that would apply in these circumstances.

Petitioner argues that he qualifies for the manifest miscarriage of justice exception to procedural default (Reply, ECF No. 40, PageID 1987-88). He implicitly recognizes that the manifest miscarriage of justice exception is limited to cases of actual innocence, but claims that in this case "legal innocence is akin to actual innocence." *Id.* at PageID 1988. Controlling precedent is to the contrary. "[A]ctual innocence means factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 623 (1998); *Souter v. Jones,* 395 F.3d 577, 590 (6th Cir. 2005).

Furthermore, Petitioner admits that he has not yet submitted any new evidence of actual innocence of the quality required by *Schlup v. Delo*, 513 U.S. 298, 319 (1995), but discovery and an evidentiary hearing will give him an opportunity to obtain and present such evidence. Procedural default, however, is a threshold issue.

Boles claims that the untimely filing of his 26(B) application is excused by the ineffective assistance of appellate counsel (Reply, ECF No. 40, PageID 1995). However, ineffective assistance of counsel can only excuse procedural default in a proceeding in which a defendant is constitutionally entitled to effective assistance of counsel. *Wainwright v. Torna*, 455 U.S. 586 (1982)(where there is no constitutional right to counsel there can be no deprivation of effective counsel); *Riggins v. Turner*, 1997 U.S. App. LEXIS 6115, *5 (6th Cir. 1997); *Barkley v. Konteh,*

240 F. Supp. 2d 708, 714 (N.D. Ohio 2002). That entitlement ends with direct appeal. *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987); *Ross v. Moffitt,* 417 U.S. 600 (1974).  Ineffective assistance of counsel can excuse procedural default only when it occurs in a proceeding where a defendant is constitutionally entitled to counsel under the Sixth Amendment.   In *Morgan v. Eads,* 104 Ohio St. 3d 142 (2004), the Supreme Court of Ohio held that 26(B) proceedings are collateral in nature rather than part of the direct appeal.  Acknowledged by the Sixth Circuit in *Deitz v. Money*, 391 F.3d 804 (6th Cir. 2004). "An application under App. R. 26(B), whether successful or not, was never intended to constitute a part of the original appeal."  In *Lopez v. Wilson*, 426 F.3d 339 (6th Cir. 2005)(*en banc*), the court expressly overruled *White v. Schotten* and held that 26(B) proceedings are collateral and defendants are not entitled to counsel for 26(B) proceedings.

The First Ground for Relief should be dismissed as procedurally defaulted.

**Ground Two:  Ineffective Assistance of Trial Counsel:  Failure to Raise *Ex Post Facto* Violation**

In his Second Ground for Relief, Boles claims he received ineffective assistance of trial counsel when his trial attorney failed to raise a claim that Ohio's amendment to the statute of limitations for rape charges was being unconstitutionally applied to Petitioner.

This Ground for Relief is procedurally defaulted on the same basis as Ground One.

**Ground Three:  Ineffective Assistance of Trial Counsel:  Failure to Investigate and Prepare a Crucial Witness**

In his Third Ground for Relief, Boles claims he received ineffective assistance of trial counsel when his trial attorney failed to conduct a reasonable investigation and to prepare a crucial witness to testify.

This claim is procedurally defaulted because it was first raised in an untimely petition for post-conviction relief. Boles' effort to excuse that default by relying on *Martinez* and *Trevino* is unavailing. The Sixth Circuit has now held that precedent applies to the Ohio system for litigating claims of ineffective assistance of trial counsel. *White v. Warden, Ross Corr. Inst.*, 940 F.3d 270, 277 (6th Cir. 2019). But *Martinez* and *Trevino* cannot excuse Boles' failure to appeal from denial of his first post-conviction petition (Order, ECF No. 70, PageID 2238).

**Grounds Four, Five, Six, Seven, and Eight: Ineffective Assistance of Appellate Counsel**

In his Fourth, Fifth, Sixth, Seventh, and Eighth Grounds for Relief, Boles claims he received ineffective assistance of appellate counsel. Ohio's method of litigating ineffective assistance of appellate counsel claims in non-capital cases is to require them to be raised in an Application for Reopening under Ohio R. App. P. 26(B). Boles filed such an application, but it was dismissed as untimely (State Court Record, ECF No. 7, Ex. 39)(unreported), appellate jurisdiction declined, *State v. Boles*, 143 Ohio St.3d 140 (2015).

In noncapital cases, the timeliness rule for filing a 26(B) application is an adequate and independent state ground of decision. *Parker v. Bagley,* 543 F.3d 859 (6th Cir. 2008)(noting that *Franklin* was a capital case); *Scuba v Brigano*, 527 F.3d 479, 488 (6th Cir. 2007)(distinguishing holding in capital cases); *Monzo v. Edwards*, 281 F.3d 568 (6th Cir. 2002); *Tolliver v. Sheets*, 594 F.3d 900 (6th Cir. 2010), *citing Rideau v. Russell*, 2009 WL 2586439 (6th Cir. 2009). A petitioner must show more than an occasional act of grace by a state court by a state court in excusing or disregarding a state procedural rule for a federal court to conclude that the state procedural rule is inadequate because inconsistently applied. *Hutchison v. Bell,* 303 F.3d 720, 737 (6th Cir. 2002),*citing Coleman v. Mitchell*, 268 F.3d 417, 429 (6th Cir. 2001).

Since 1996, "Ohio law has provided sufficient guidance on what constitutes a 'good cause' for a late filing under Rule 26(B)," and "'the time constraints of Rule 26(B) [have been] firmly established and regularly followed.'" *Wogenstahl v. Mitchell*, 668 F.3d 307, 322 (6th Cir. 2012), *quoting Hoffner v. Bradshaw*, 622 F.3d 487, 504-05 (6th Cir. 2010) (*quoting Parker v. Bagley*, 543 F.3d 859, 861 (6th Cir. 2008)). Thus, Rule 26(B) is an adequate and independent ground on which to find procedural default. *Id.*

Boles' claims of ineffective assistance of appellate counsel are barred by his procedural default in filing his Application for Reopening after the deadline.

**Ground Nine:  Ineffective Assistance of Trial Counsel:  Failure to Object to Jury Instruction**

In his Ninth Ground for Relief, Boles claims he received ineffective assistance of trial counsel when his trial attorney failed to object to an instruction from the court that the jury had to accept Dr. Bassman's testimony thereby denying him a fair trial in violation of Sixth and Fourteenth Amendments rights.

Ground Nine should be dismissed on the same basis as Ground One.

**Ground Ten:  Admission of Irrelevant Testimony by Cynthia Hackworth-Rogers**

In his Tenth Ground for Relief, Boles claims he was deprived of a fair trial when the judge admitted testimony about an irrelevantly old incident of Boles' "tickling" D.L. over her protests. The Twelfth District upheld admission of the evidence under Ohio R. Evid. 404(B) and Ohio Revised Code § 2945.59, the parallel statute, as evidence of "grooming," a pattern of interaction

between an adult intending to engage in sexual conduct with a minor which prepares the minor psychologically for more intimate contact.

Boles argues in his Reply that this claim could not be presented on appeal because his trial attorney did not object (ECF No. 40, PageID 2025-26). If there was such a failure to object, however, the Twelfth District overlooked it. The appellate court did not enforce the contemporaneous objection rule against Boles, but decided this claim on the merits. *State v. Boles*, 2013-Ohio-5202, ¶¶ 15-21 (Ohio App. 12th Dist. Nov. 25, 2013).

This claim is procedurally defaulted because it was never fairly presented to the Twelfth District as a constitutional claim, but only as an Ohio evidence claim. Moreover, it fails to state a constitutional claim even in this Court because the Supreme Court has never held that admission of other bad acts evidence violates the Fourteenth Amendment. *Bugh v. Mitchell*, 329 F.3d 496, (6th Cir. 2003).

**Ground Eleven: Admission of Irrelevant Testimony by David Landen Lovejoy**

In his Eleventh Ground for Relief, Boles claims he was deprived of a fair trial when the court admitted testimony by David Lovejoy that the victim showed him pornography she had allegedly found in Petitioner's car. The Twelfth District upheld admission of this evidence on the same basis as the evidence complained of in Ground Ten. *State v. Boles*, 2013-Ohio-5202, ¶¶ 22-24 (Ohio App. 12th Dist. Nov. 25, 2013). Ground Eleven should be dismissed on the same basis as Ground Ten.

**Ground Twelve:  Improper Admission of Expert testimony on "Grooming"**

In his Twelfth Ground for Relief, Boles claims he was denied a fair trial when the judge allowed Dr. Bassman to testify about "grooming" behavior.  The Twelfth District considered and rejected Petitioner's claim that Dr. Bassman's testimony should have been excluded in part.  *State v. Boles*, 2013-Ohio-5202, ¶¶ 25-31 (Ohio App. 12th Dist. Nov. 25, 2013).  It did so entirely on the basis of Ohio evidence law.  Ground Twelve should be dismissed on the same basis as Ground Ten.

**Ground Thirteen:  Conviction Against the Manifest Weight of the Evidence and Based on Insufficient Evidence**

In his Thirteenth Ground for Relief, Boles claims the verdicts are against the manifest weight of the evidence and the conviction is not supported by sufficient evidence.

A claim that a conviction is against the manifest weight of the evidence does not state a claim under the United States Constitution.  *Johnson v. Havener*, 534 F.2d 1232 (6th Cir. 1986).

However, an allegation that a verdict was entered upon insufficient evidence states a claim under the Due Process Clause of the Fourteenth Amendment to the United States Constitution. *Jackson v. Virginia,* 443 U.S. 307 (1979); *In re Winship*, 397 U.S. 358 (1970); *Johnson v. Coyle*, 200 F.3d 987, 991 (6th Cir. 2000); *Bagby v. Sowders*, 894 F.2d 792, 794 (6th Cir. 1990)(en banc).

Conceding that the second branch of this Ground for Relief properly states a constitutional claim, Respondent asserts that it is procedurally defaulted because it was not included in Petitioner's appeal from the Twelfth District to the Supreme Court of Ohio (Reply, ECF No. 29, PageID 1857-58).  Petitioner makes no response to this defense (ECF No. 40, PageID 2028-29).  Upon examination the Magistrate Judge finds that insufficiency of the evidence is not a claim presented to the Supreme Court of Ohio on direct appeal (Memorandum in Support of Jurisdiction,

State Court Record ECF No. 7, Ex. 35).

Ground Thirteen should therefore be dismissed as non-cognizable (weight of the evidence branch) and procedurally defaulted (insufficiency of the evidence branch).

**Ground Fourteen: *Martinez/Trevino* Excuses Procedural Default of Claim that Trial Attorney Provided Ineffective Assistance by Failing to Conduct a Reasonable Investigation and Prepare a Crucial Witness**

In his Fourteenth Ground for Relief, Boles claims the Supreme Court's decisions in *Martinez* and *Trevino* allow this Court to consider on the merits his claim his trial attorney provided ineffective assistance of trial counsel in failing to reasonably investigate the case and prepare a crucial witness to testify.

As written, Ground Fourteen does not state a claim for relief in habeas corpus, i.e., a claim that the Petitioner is confined in violation of a right protected by the Constitution or laws of the United States. Instead, it pleads an excuse for procedural default.

The Amended Petition includes a lengthy argument as to why *Martinez* and *Trevino* apply in Ohio (ECF No. 24, PageID 1549-50). After eliding the issue for several years and indeed after this case was filed, the Sixth Circuit held the *Martinez/Trevino* exception applies in Ohio where the ineffective assistance of trial counsel claim could not be properly raised on direct appeal for lack of a sufficient record. *White v. Warden, Ross Corr. Inst.,* 940 F.3d 270 (6th Cir. 2019).

The *Martinez/Trevino* exception does not save from procedural default Petitioner's claims of ineffective assistance of trial counsel which could have been but were not raised on direct appeal (Grounds One and Two). Ground Three, which did rely on evidence outside the record, is not saved by *Martinez/Trevino* because Boles did not appeal from denial of his first petition under Ohio Revised Code § 2953.21.

**Conclusion**

Based on the foregoing analysis, the Magistrate Judge respectfully recommends that the Amended Petition herein be dismissed with prejudice. Because reasonable jurists would not disagree with this conclusion, it is also recommended that Petitioner be denied a certificate of appealability and that the Court certify to the Sixth Circuit that any appeal would be objectively frivolous and should not be permitted to proceed *in forma pauperis*.

February 4, 2021.

s/ *Michael R. Merz*
United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal.

**NOTICE REGARDING RECORD CITATIONS**

The attention of all parties is called to S. D. Ohio Civ. R. 7.2(b)(5) which provides:

> (5) **Pinpoint Citations**. Except for Social Security cases, which must comply with S.D. Ohio Civ. R. 8.1(d), all filings in this Court that reference a prior filing must provide pinpoint citations to the

> PageID number in the prior filing being referenced, along with a brief title and the docket number (ECF No. ___ or Doc. No. ___) of the document referenced.

The Court's electronic filing system inserts in all filings hyperlinks to the place in the record which has been cited following this Rule.  However, as with most computer systems, the CM/ECF program cannot read pinpoint citations which do not follow the Rule precisely.  For example, the first pinpoint citation in ODRC's Reply reads "Plaintiff argues that he could not bring this action until "administrative remedies as (sic) are exhausted (sic)." (Doc. 80, PageId# 987)."  The correct citation would have been Doc. No. 80, PageID 987."  Because Defendant added the "#" symbol, the program failed to inset a hyperlink.  Use of this software is mandated by the Judicial Conference of the United States and cannot be locally modified.  **The parties are cautioned to comply precisely with S. D. Ohio Civ. R. 7.2(b)(5) in any further filings.**