UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

Patrick Boles,

    Petitioner,

v.

Warden, Chillicothe
Correctional Institution,

    Respondent.

Case No. 1:14cv903

Judge Michael R. Barrett

## ORDER

This matter is before the Court on the Magistrate Judge's February 4, 2021 Report and Recommendations ("R&R") recommending that the Amended Petition be dismissed with prejudice. (Doc. 72). The Magistrate Judge notified the parties that "any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations." (Doc. 72, PageID 2262). Petitioner was granted a thirty-day extension of time to file objections. (Doc. 74). Petitioner did not file objections.

Instead, on March 12, 2021, Petitioner filed a Notice of Intent to File in the Supreme Court of the United States. (Doc. 77). On March 15, 2021, the Magistrate Judge entered a Notice to Petitioner informing him that any document seeking relief from the Supreme Court must be filed directly with that Court in Washington, D.C.; and reiterating that any objections must be filed by March 20, 2021. (Doc. 78). On March 24, 2021, Petitioner filed a "Notice of Contact" explaining that he had been in contact with the Clerk's Office for the Supreme Court. (Doc. 79).

To the extent that Petitioner's Notices could be construed as objections, "[t]he filing of vague, general, or conclusory objections does not meet the requirement of specific objections and is tantamount to a complete failure to object." *Cole v. Yukins*, 7 F. App'x 354, 356 (6th Cir. 2001) (citing *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995)). The failure to object to the magistrate judge's report releases the Court from its duty to independently review the motions. *Thomas v. Arn*, 474 U.S. 140, 149, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985). However, the Court finds the Magistrate Judge's February 4, 2021 R&R (Doc. 72) to be thorough, well-reasoned, and correct. Accordingly, it is hereby ORDERED that:

1. The Magistrate Judge's February 4, 2021 R&R (Doc. 72) is **ADOPTED** in its entirety and the Amended Petition (Doc. 24) is **DISMISSED WITH PREJUDICE**;

2. A certificate of appealability is not issued with respect to the claims which were addressed on the merits herein, in the absence of a substantial showing that petitioner has stated a "viable claim of the denial of a constitutional right" or that the issues presented in those grounds for relief are "adequate to deserve encouragement to proceed further." *See Slack v. McDaniel*, 529 U.S. 473, 475 (2000) (citing *Barefoot v. Estelle*, 463 U.S. 880, 893 & n.4 (1983)); *see also* 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).

3. In addition, a certificate of appealability is not issued with respect to the remaining claims, which this Court has concluded are procedurally barred from review, because under the first prong of the two-part standard enunciated in *Slack*, 529 U.S. at 484-85, "jurists of reason" would not find it debatable whether this Court is correct in its procedural ruling. Because the first prong of the *Slack* test has not been met, the Court need not address the second prong of that test. Nevertheless, assuming that "jurists of reason" could find the procedural ruling debatable, the Court further finds that the second prong of the *Slack* test has not been met because "jurists of reason" would not find it debatable whether petitioner has stated a viable constitutional claim in the defaulted grounds for relief. *See id.* at 484.

4. With respect to any application by petitioner to proceed on appeal *in forma pauperis*, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that an appeal of this Order would not be taken in "good faith," and therefore the Court **DENIES** any application by petitioner to proceed on appeal in forma pauperis. *See* Fed. R. App. P. 24(a); *Kincade v. Sparkman*, 117 F.3d 949, 952 (6th Cir. 1997). Petitioner remains free to apply to proceed *in forma pauperis* in the Court of Appeals.

5. This matter is **CLOSED** and **TERMINATED** from the active docket of this Court.

   **IT IS SO ORDERED.**

*/s/ Michael R. Barrett*
Michael R. Barrett
United States District Court
